CARMINE LOMBARDI, ADMINISTRATOR, vs. ABRAHAM
WALLAD ET AL.

First Judicial District, Hartford, January Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

One who negligently provides the means and opportunity for doing
injury, knowing, or having reasonable ground to anticipate, that
in the natural and ordinary course of things they may be so used,
cannot escape liability for the resulting injury upon the theory
that the intervening wrongful act severed the causal connection
between his own negligence and the subsequent injury, and be-
came its sole, independent and proximate cause. Under such cir-
cumstances the intervening act merely co-operates with or con-
tributes to the original negligence which still remains a proxi-
mate cause of the injury.

While standing with several other young children about her age near
the burning embers of a fire kindled by the defendant W, an alleged
agent or employee of the defendant M, for the purpose of burning
up the rubbish in a yard in the rear of a tenement block owned by
M, the dress of the plaintiff's intestate, aged six, was set on fire
by a stick which one of her companions had lighted from the em-
bers, and she was fatally burned. It appeared that W was aware
that the young children living in the block and numbering twenty
or more were attracted by the fires he was accustomed to build
about once a month, but on this occasion he left the fire unguarded
and went off to get a pail of water to extinguish what was left of
it, and in his absence the children gathered and the fatality hap-
pened. In an action to recover damages for the alleged negligence,
the main issues were whether W was negligent, and if so, whether
his negligence was the proximate cause of the injury. The jury
returned a verdict in favor of both defendants and the plaintiff
appealed. *Held:*—

1. That so far as the record disclosed the trial court did not err in in-
structing the jury that there was no evidence which would warrant
a recovery for negligently kindling the fire.

2. That the charge practically authorized the jury to find that W's
negligence, if any, was not an efficient producing cause of the in-
jury, if it came about through the use of the lighted stick by the
little boy, and in this respect was erroneous, ·inadequate and prej-
udicial; and that such error affected the verdict as to both de-
fendants.

3. That touching contributory negligence the instructions were ample
and correct; though if the admitted facts included everything re-

specting the intestate's conduct which was before the jury, the trial court, it would seem, should have told them that due care had been affirmatively proven by the plaintiff.

As to acts of intervening negligence which do supersede the negligence of the original actor and relieve him of liability, there is no distinction to be observed between those committed by adults, and those by children without discretion or even by lunatics.

Argued January 4th—decided March 1st, 1923.

ACTION to recover damages for causing the death of the plaintiff's intestate by negligence, brought to the Superior Court in Hartford County and tried to the jury before *Maltbie, J.;* verdict and judgment for the defendants, and appeal by the plaintiff. *Error, judgment set aside and new trial ordered.*

The complaint alleged that the defendant Melicovsky employed the defendant Wallad to keep certain premises owned by Melicovsky clean and in order, and to burn the rubbish which accumulated from time to time in the yard in the rear of two tenement houses which stood on the premises and which were occupied by tenants who had several young children; that these children were accustomed to play in this yard and to approach the burning rubbish; that on August 16th, 1921, the defendant Wallad, acting in Melicovsky's employment and under his instructions, "negligently kindled a fire" of rubbish in this yard; that while it was burning and while the blaze was attractive to and dangerous to young children, Wallad left the fire unguarded and without taking any precaution to prevent such children from approaching it and getting burned; that while the plaintiff's intestate, with other children, was playing about this fire, her clothing caught fire and she was severely burned and died the following day; that her death "was due wholly" to the negligence of the defendants "in failing to guard the burning rubbish" and "in failing either to keep someone stationed nearby while said rubbish was burning . . .

or to erect a sufficient barrier" to prevent young children from approaching dangerously near to the fire. It was alleged that the plaintiff's intestate was six years of age, and that her injuries and resulting death were not due to her fault or negligence.

The defendants denied all of these allegations.

*Jacob Berman,* with whom, on the brief, was *John J. Dwyer,* for the appellant (plaintiff).

*Milton Bacharach,* for the appellee (defendant Melicovsky).

BURPEE, J. For the first reason of appeal, the appellant assigns a section of the charge in which the court instructed the jury that the plaintiff could recover only upon the allegations presented in the pleadings, and that those allegations set out first a want of care in the way in which the fire was kindled, and second a want of care in leaving the fire unguarded while it was burning and without taking any precaution to prevent the plaintiff's intestate from approaching so near to it as to get burned; and the court then stated that there was no evidence in the case which would justify a recovery on the first basis, and that the only question to be answered was whether the defendants were liable on the second ground. The "evidence in the case" was not made a part of the record. In the finding, which sets out the facts which each party offered evidence to prove and claimed to have proved, it appears that the defendant Wallad set fire to a pile of rubbish in an open space seventy feet long and forty feet wide which was frequently used by children for a playground, and did not remain "to guard it until it was no longer dangerous to children of tender years," and that a boy about eight years old ignited a stick

Lombardi *v.* Wallad.

from the burning embers and touched it to the dress
of the plaintiff's intestate, which caught fire and burned
her so severely that she died the next day.   None of
the facts claimed to have been proved would indicate
in what way the fire was kindled or that it was "negli-
gently kindled," as was asserted in the complaint;
and no claim of such a nature was made during the
trial.   On the contrary, the plaintiff distinctly specifies
that the death of his intestate "was due wholly to the
negligence of the defendants either to keep someone
nearby or to erect a barrier to prevent children from
approaching" the fire while it was burning; and in their
brief the plaintiff's counsel declare that if Wallad "had
not left the fire, the child would not have been burned."
Upon the record we discover no reason to hold that
these instructions by the court were erroneous.

    The finding made by the trial court discloses that
in the evidence offered by the parties the following
facts were not disputed: The yard mentioned was an
open space in the rear of two houses containing four-
teen tenements, in which were the homes of more than
twenty children, who used this yard as a common
playground.   With this yard and these circumstances
the defendant Wallad was familiar.   About once a
month during several years, he had been burning refuse
in this yard.   He knew that children were likely to
approach any fire he kindled, and it had been his
custom hitherto to stand by to guard each fire until
it was harmless.   On August 16th, 1921, he set fire
to a pile of rubbish in this yard, remained near it until
only burning embers were left, and then went away
to get water to extinguish the embers.   He left no per-
son, and he took no precaution, to prevent children
from approaching the spot.   At this moment no child
was in the yard, but after he had been gone a few
minutes, several children came and gathered around

the fire. Among them were the plaintiff's child, who was about six years old, and a boy about eight years old. This boy picked up a stick out of the fire, ignited it from the still burning embers, and touched it blazing to the clothing of the little girl, which took fire. In this manner she received the burns which caused her death. With these facts before them the court charged the jury that no matter how great the failure of a person might be to exercise the care which he ought to have exercised, unless that failure was a proximate cause of the resulting injury, there could be no recovery in an action at law. Then, after giving a definition of the words proximate cause, and stating that there might be two failures to exercise proper care, "each of which is followed by the injury in a natural sequence, each of which is such that the injury would not have occurred without it, and neither of which is separated from the injury by a new intervening, independent cause," the court proceeded to instruct the jury in this language: "The significance of this explanation in this case lies here: There was some testimony from a little boy upon the witness stand that had it not been for another little boy taking a stick out of the fire and holding it to the dress of this little girl she would not have been burned. Now, if you find that to be the fact, if you find that she would not have been burned had this other little boy not taken this stick from the fire, then you have to ask with great care whether or not, in view of that fact, it can be said that any want of care which you may feel is chargeable against Wallad was a proximate cause of the injury which followed, whether any want of care on his part could be said to be followed in a natural sequence by the injury which resulted; and, in considering that, you have to consider the nature and disposition of children, their aptitude to do the sort of thing which this little boy

is charged with doing, and considerations of a like nature. Then you have to ask, would the injury have resulted, in view of the use of this stick by the boy, would it have resulted had it not also been for the want of proper care on the part of Wallad; and then you have to ask whether the use of that stick by the little boy was really a new intervening and independent cause of the injury, so that any want of care on the part of Wallad no longer was an efficient producing cause, but was pushed back, as one might say, to be a mere condition, and the real cause be the use of the stick by the boy. And so, I say gentlemen, if you find that this injury came about through the use of this stick by the little boy, even though you find want of proper care on the part of Wallad, you have carefully to ask, whether that want of care was one proximate cause of the injury, was something without the existence of which the injury would not have occurred, was something which was followed in a natural sequence by the injury, and was something which was not separated from the injury by any new intervening and independent cause."

The appellant assigns this part of the charge as an error. He contends that the court instructed the jury in effect that if they found that the dead girl would not have been burned if the boy had not taken the stick from the fire and touched her clothing with it, they might reasonably conclude that any want of care chargeable to Wallad was not the proximate cause of the injury complained of, and therefore the plaintiff could not recover.

If the jury found that Wallad knew that children were likely to play about the fire and be in danger of being burned, it was his duty to guard the fire and prevent this event, if he could by the exercise of due care, which in the circumstances was great care. And

if a girl was burned in consequence of the failure of Wallad to guard the fire, it was immaterial whether the burning was caused by the act of another child, by pushing her into the fire or by lighting her clothing from a stick ignited in the fire. Neither would be an intervening cause.

The foundation for this part of the charge had been laid by the correct preliminary statement of the law that there could be no recovery in this action unless the negligence of the defendants was the proximate cause of the injury to the child, that is, of her burns and resulting death. It was true, so far as the record discloses, that the deceased girl would not have been burned if the boy had not taken the stick from the fire and with it set fire to her dress; but it by no means follows that this act of the boy could legally and logically be found to be such a "new intervening and independent cause of the injury" as to take the place of Wallad's want of care and separate his negligence from the injury. The act of the boy was a fact admitted by both parties. The only question then to be considered was whether Wallad's conduct, which also was a fact admitted by both parties, was, notwithstanding the boy's subsequent act, "one proximate cause of the injury" or had been "separated from the injury" by an intervening and independent cause. Wallad's negligence, if any, originated and consisted in leaving the fire unguarded and without any precaution. The only intervening cause of the injury which the evidence indicated and which the court pointed out was "the use of the stick by the boy." Concerning these facts, the court instructed the jury that if they found that the "injury came about through the use of the stick by the little boy," they might also find that Wallad's carelessness in leaving the fire as he did was "no longer an efficient producing cause"

which would link him to liability for the injury. This is not a complete and accurate statement of the law applicable to the conditions of the case, nor one adapted to lead the jury to a legal and logical conclusion. It left them to determine, without the help of instruction concerning the law which must guide them, whether, in the admitted circumstances, Wallad's want of care was the proximate cause of the injury, and whether the act of the boy in the circumstances was the kind of act which the law regards as an intervening and independent cause. If it were in the province of the jury to decide this question, the court should have given them sufficient directions to bring them to a legal conclusion. But in this case, in which the undisputed facts made no basis for any other reasonable conclusion in accordance with the recognized principles of law, the court should have plainly informed the jury that the act of the boy with the burning stick was not an intervening cause which relieved the defendant Wallad from responsibility for the injuries to the plaintiff's intestate. These principles of law are familiar. No action can be maintained upon an act of negligence unless the breach of duty has been the proximate cause of the injury complained upon. What the law means by the words proximate cause, the court below accurately explained. The injury resulting from the breach of duty need not be the direct or immediate result of the wrongful act; if it is probable and a natural result, that is according to the operations of natural laws, it is enough. But the connection between negligence and injury may be broken by what the law terms an intervening cause, if the intervening cause in fact break the connection. The mere fact that the act of another person concurs, co-operates or contributes, in any degree whatever in producing the injury, is of no consequence; and perhaps it may be fairly inferred

that this is the idea which the court intended to express when it used the words "independent cause," although it seems improbable that such a meaning was thus conveyed to the minds of the jurors. Moreover, the intervening cause either must be a cause, whether intelligent or not, which so entirely supersedes the operation of the defendant's negligence that it alone, without his negligence contributing thereto in any degree, produces the injury; or it must be the non-concurring culpable act of a human being who is legally responsible for such act. But in no case is the connection between an original act of negligence and an injury actually broken if a man of ordinary sagacity and experience, acquainted with all the circumstances, could have reasonably anticipated that the intervening event might, not improbably but in the natural and ordinary course of things, follow his act of negligence. 1 Shearman & Redfield on Negligence (6th Ed.) § 25–§ 36a, inclusive, and cases cited; 1 Thompson on Negligence, § 49 to § 63; Vol. 8, § 49 to § 59.

Upon these principles of law the charge of the trial court was silent. But they were applicable to the facts and controlling upon the trier in reaching a determination which could be justified. For in this case, when the defendant Wallad went away from the burning embers of the fire, without precaution of any kind, he had been familiar for some years with the yard and its situation in the rear of two houses containing fourteen tenements in which more than twenty children lived, and he knew that these children frequently used this yard as a playground; and he knew also that they were likely to approach any fire which he kindled. From the burning embers which Wallad had left unguarded, the boy got the lighted stick by which the fatal injuries were directly effected. This act of the boy was a contributing cause of those injuries, but it was not a super-

seding cause, because it did not so interrupt the operation of Wallad's negligence that it produced the injuries without his negligence contributing thereto and supplying the means thereof. Wallad's negligence exposed the children who came near to the burning embers to the risk of injury if another person also should afterward be negligent. Such intervening cause in this case might be regarded as the act of a person culpable and responsible in law. If it might be called an "independent cause," it did not break the causal connection or interrupt the natural sequence; it rather co-operated with the original negligence to make it the efficient cause; for it was Wallad's carelessness which provided the abandoned fire which the boy used and by his co-operation made effective. If a man leaves his horse unhitched and unattended in a city street, and a stranger frightens it and it runs away, the owner will be liable for the resulting injuries, although after the horse begins to run he does his best to stop it. *Lynch* v. *Nurdin*, 1 Q. B. 29. If the owner of anything capable in its nature of doing injury, negligently leaves it unguarded and exposed in a public place, and it be set in motion by a negligent person, the owner will be held responsible for the injuries consequently suffered by a third person not himself careless. *Lane* v. *Atlantic Works*, 111 Mass. 136, 141. Where a gas company negligently permitted gas to escape from a defective main, and a third person struck a match which caused an explosion, the company was held liable. *Koelsch* v. *Philadelphia Co.*, 152 Pa. St. 355, 364, 25 Atl. 522.

If the jury found that the defendant Wallad, when he went away from the burning embers of his fire, after his experience and with his knowledge, should reasonably have anticipated such an event as the intervening act of the boy with the stick, he was not to be

relieved from responsibility for that cause. The court failed in any part of its charge to present this matter to the jury. In this omission, we think, lay error.

It appears in the record that the plaintiff claimed to have proved that the boy who handled the burning stick was eight years of age and far below the average child in intellect, "being what might be termed a stupid person." He now makes the proposition that the act of such an infant could not in law be held to be an intervening and independent cause. The court did not instruct the jury upon this subject, as it should have done as a part of its charge upon proximate cause. It should have informed them that children without discretion and even lunatics are responsible for wrongful acts amounting in law to intervening negligence which discharges from liability those guilty of original or primary negligence, unless their acts could reasonably have been foreseen by a person of ordinary sagacity and intelligence. 1 Shearman & Redfield on Negligence (6th Ed.) § 36a. This point, however, was not made during the trial, and is not considered as an assignment of error on this appeal.

In the remaining reasons of appeal it appears that the trial court charged the jury that the plaintiff, in order to recover in this action, must prove affirmatively that the injured child used proper care to protect herself in every respect which materially or essentially contributed to bring about her injury. It appears that this child was nearly six years old. The court submitted to the jury the question whether she exercised the degree of care required of a child of that age, and gave them ample and correct instructions concerning the matters to be considered by them in making their decision. *Lederer* v. *Connecticut Co.,* 95 Conn. 520, 111 Atl. 785; *Duff* v. *Husted,* 95 Conn. 206, 111 Atl. 186; *Kishalaski* v. *Sullivan,* 94 Conn.

196, 108 Atl. 538.   This practice is approved by many authorities.   See 1 Thompson on Negligence, § 313.

Concerning the conduct of the deceased child, it appears among the admitted facts that she approached the embers of the fire and stood around them with other children.   This conduct could not reasonably be held to be negligence essentially or materially contributing to her injury in the circumstances of her situation and of the occurrences which followed.   If this was all the evidence relating to her conduct which was before the court and jury, it would seem that the court should have instructed the jury that the plaintiff had affirmatively proved that his intestate exercised due care.   But we have no means of knowing that this was all of such evidence, and therefore we cannot find error in the charge in this respect.

The plaintiff alleged and claimed to have proved that the defendant Wallad was the agent and servant of the defendant Melicovsky and was acting as such in building and caring for fires in the yard on Melicovsky's property.   This the defendants both denied and offered evidence to disprove.   If it appeared that the jury found this issue of fact in favor of the defendant Melicovsky, their verdict in his favor could not be questioned.   But on the other hand, if they reached the conclusion that Wallad was Melicovsky's agent and acting within the scope of his authority and was negligent, but that neither was liable because a new and intervening act of negligence was the proximate cause of the injuries to the girl, the errors in the charge of the court respecting the subject of new and intervening cause would have exerted the same unlawful influence upon their verdict for the principal as upon their verdict for the agent.   We cannot assume that this was not the fact.

There is error and the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.