MARIE DEMUNDA *v*. CLIFFORD LOOMIS ET AL.
CELESTINO DEMUNDA *v*. CLIFFORD LOOMIS ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 1—decided November 26, 1940.

*Michael V. Blansfield,* for the appellant (named defendant).

*Stephen A. Homick,* with whom was *Hugh J. Mc-Gill,* for the appellees (plaintiffs).

JENNINGS, J. The question to be decided is: Was the conduct of the named defendant, hereinafter called the defendant, in suddenly stopping his car without signalling his intention to do so, as required by Cum. Sup. 1935, § 637c, a substantial factor in causing the plaintiffs' injuries? The conclusion of the trial court, attacked by the defendant, that neither Marti nor Fenn, the other actors in the drama, were negligent, is too clearly one of fact to merit discussion.

The finding is attacked in many particulars but no correction material to the question to be determined can be made. The plaintiffs were driving north by daylight on a dry, straight, two-lane, concrete highway with ample shoulders. Celestino was the driver and Marie the passenger. The defendant, Marti, and Fenn, in separate cars, were driving south on the same highway in the order named, twenty-five to thirty feet apart. All cars were in their proper lanes and were being driven at reasonable rates of speed. When the defendant reached a point opposite a garage and filling station, he stopped suddenly, without signal, intending to make a left turn into the filling station. Marti made a quick right turn, just missed the defendant and stopped. Fenn started to turn to his right but finding his way blocked by Marti, turned left to avoid the defendant and met the plaintiffs in the east lane, head on. Celestino tried to turn to his right but was unable to do so because two men were repairing a tire near the east side of the road.

As is evident from this summary, the traffic situation was extremely complicated. Four cars were involved and the whole incident cannot have occupied more than a few seconds. The distances given in the

finding cannot all be reconciled. Assuming as the location of the point of collision between the De-Munda and Fenn cars the point most favorable to the defendant, it would be about seventy feet north of his car. The Fenn car traveling south toward the De-Munda car coming north, left brake marks twenty-three feet long. With these cars about a hundred feet apart when the defendant stopped his car, a finding that this act of his was not a substantial factor in causing the accident could hardly have been successfully attacked. The trial court, however, did conclude that it was a substantial factor and the question, as stated above, is whether this conclusion was erroneous as a matter of law.

The doctrine of proximate cause has been frequently examined in this state as is indicated by the recent review and analysis of the cases in *Kinderavich* v. *Palmer,* 127 Conn. 85, 15 Atl. (2d) 83. The rule is that this issue presents a question of fact unless no causal relation between the negligence of the defendant and the plaintiff's injuries can reasonably be found. *Mahoney* v. *Beatman,* 110 Conn. 184, 195, 196, 147 Atl. 762. Applying this rule, the court might infer that the sudden stop of the defendant caused Marti to turn right and, with the defendant, block the west lane, and that Fenn, unable to stop without running into one of them, turned left in the hope of passing in the east lane. This recital discloses no such break in the chain of causation as to render unreasonable the conclusion that the negligence of the defendant was a substantial factor in causing the plaintiffs' injuries. *Lombardi* v. *Wallad,* 98 Conn. 510, 518, 519, 120 Atl. 291; *Roden* v. *Connecticut Co.,* 113 Conn. 408, 413, 155 Atl. 721; *White* v. *Herler,* 114 Conn. 734, 159 Atl. 654; *Hedberg* v. *Cooley,* 115 Conn. 352, 354, 161 Atl.

665; *Corey* v. *Phillips,* 126 Conn. 246, 254, 10 Atl. (2d) 370; Restatment, 2 Torts, § 440 et seq.
There is no error.

In this opinion the other judges concurred.