SEBASTIAN BASILE *v*. THOMAS DEBELLA ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 3—decided July 7, 1943.

*Martin E. Gormley,* for the appellants (defendants.)

*M. J. Blumenfeld,* with whom was *Anthony M. Tapogna,* for the appellee (plaintiff).

BROWN, J. The plaintiff brought this action against the defendants DeBella, DeMeola and Morency to recover for personal injuries alleged to have been caused by their negligence. The gist of the complaint is that DeBella, while driving DeMeola's car as her agent, crowded the car Morency was driving to the edge of the road at an intersection, causing it to turn suddenly to its right into the side street and strike the plaintiff, a pedestrian. Morency was defaulted. It is conceded that DeBella was operating DeMeola's car as her agent

and that the plaintiff was free from contributory negligence. The jury returned a verdict for the plaintiff against all of the defendants. The defendants DeBella and DeMeola have appealed from the court's denial of their motion to set it aside, claiming that the evidence neither warranted a finding that DeBella was negligent in his operation of the DeMeola car, nor that such negligence if it existed was a proximate cause of the plaintiff's injury.

The jury could reasonably have found these material facts: On the evening of February 12, 1940, Morency was driving southerly on Franklin Avenue in Hartford in an automobile which he had stolen a few minutes before. Just north of the intersection of Franklin Avenue and Barker Street the car driven by Morency overtook the DeMeola car, which DeBella was driving southerly at a very slow rate of speed, and in passing struck its rear left corner. Both drivers continued southerly through the intersection, and when Morency did not stop as DeBella expected he would, DeBella set out in his car in pursuit and forced him close to the west curb about two hundred feet south of Barker Street in an effort to bring him to a stop. Morency, without waiting, started up once more and DeBella chased him again, and again tried to force him to the curb in an effort to bring him to a stop. As before Morency slowed down and DeBella, thinking he was going to stop, slowed down also, whereupon Morency started ahead again. At times and as the two cars approached the intersection of Bushnell Street and Franklin Avenue, two blocks south of Barker Street, they were going about fifty miles an hour. The car driven by Morency at this point was proceeding with its right wheels about one foot from the westerly curbstone, and DeBella was driving alongside about two feet to its left with the front of his car about half way

up to the front end of the other car. About twenty-five feet south of Bushnell Street there were cars parked along the westerly curb. of Franklin Avenue. Realizing these facts DeBella was still intending to force Morency to stop and thought that the latter had no alternative but to do so. Morency, however, in an attempt to avoid colliding with either one of the parked cars or that driven by DeBella, suddenly turned sharply to his right into Bushnell Street and struck and injured the plaintiff who was walking northerly on the crosswalk.

There was evidence that at the time Morency made the right turn into Bushnell Street the car driven by DeBella, instead of being alongside the other car, was from fifty to fifty-five feet behind it, and that the cars were traveling at a substantially lower speed than above recited. The defendants contend that the jury should have so found and should have determined that DeBella was not negligent, and further that even though he was, his negligence could not be held the proximate cause of the plaintiff's injury because of Morency's intervening or superseding negligence. *Corey* v. *Phillips,* 126 Conn. 246, 255, 10 Atl. (2d) 370. The difficulty with this contention is that notwithstanding the sharp conflict of testimony there was evidence warranting a finding by the jury of the facts recited in the preceding paragraph. This being so, their conclusion that the defendants were negligent and that this negligence caused the plaintiff's injury finds such support that the verdict must stand. Nor does the fact that there was no physical contact between the two cars prior to the striking of the plaintiff by the car driven by Morency require a contrary result. *Hazen* v. *Vogel,* 111 Conn. 728, 150 Atl. 507; *DeMunda* v. *Loomis,* 127 Conn. 313, 315, 16 Atl. (2d) 578; *Foote* v. *E. P. Broderick Haulage Co., Inc.,* 123 Conn. 296, 297, 195 Atl.

191; *Hellan* v. *Supply Laundry Co.*, 94 Wash. 683, 163 Pac. 9; *Evans Motor Freight Lines* v. *Fleming*, 184 Miss. 808, 822, 185 So. 821; and see *Roden* v. *Connecticut Co.*, 113 Conn. 408, 413, 155 Atl. 721; *White* v. *Herler*, 114 Conn. 734, 159 Atl. 654.

There is no error.

In this opinion the other judges concurred.