NATHAN F. RIVKIN ET AL. v. JOSEPH GOUVEIA ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 7—decided November 4, 1943.

*John Buckley,* for the appellants (defendants Gouveia and Moreira).

*Warren Maxwell,* with whom, on the brief, was *Harry Tulin,* for the appellants-appellees (plaintiffs).

*DeLancey Pelgrift,* for the appellees (defendants Texas Company and Thompson).

MALTBIE, C. J. The plaintiff Rivkin, a passenger in a truck driven by Sebastian DiMauro, was injured when that truck, having been brought to a stop close to the rear of a truck driven by the defendant Gouveia and owned by the defendant Moreira, was driven forward into it by being struck in the rear by a truck driven by the defendant Thompson and owned by the defendant The Texas Company. Judgment was rendered for the plaintiffs against Gouveia and Moreira and in favor of Thompson and the Texas Company. Gouveia and Moreira have appealed. The plaintiffs have also appealed from that part of the judgment in favor of Thompson and the Texas Company but ask leave to withdraw their appeal if no error is found in that of Gouveia and Moreira. The defendants pleaded that Rivkin was guilty of contributory negligence, but that issue is not involved in the appeals.

The finding, in which no material correction can be made, states these facts: The three trucks were proceeding northerly on the easterly portion of a two-way four-lane concrete highway in East Hartford. They were in line. The Gouveia truck was the first; the second, that of DiMauro, was forty or fifty feet behind it; and the third, that of Thompson, about the same

distance to the rear of that of DiMauro. All were proceeding at a speed of about twenty-five miles an hour. There is a ten-inch curb on the east side of the highway, and west of the curb some loose planks had been laid on the highway to facilitate entrance to and exit from an adjoining field. When the truck driven by DiMauro was about seventy feet southerly of the entrance to the field, he noticed that the Gouveia truck was decreasing its speed. He immediately decreased that of his truck and turned slightly to the left. Then Gouveia abruptly slowed to two to three miles an hour, and, turning sharply to his right, attempted to enter the field over the planks without shifting his gear. The result was that he stalled his truck with about one-half of it protruding almost at right angles into the highway in the path of the DiMauro truck. DiMauro was still bearing to the left, but was unable to continue to do so because of a car overtaking him on his left. He applied his brakes hard and stopped the truck with its front end about one foot from the rear of the Gouveia truck. The truck driven by Thompson was a very large oil truck carrying a load of about twelve tons. Under the conditions then present it could have been stopped within a distance of forty feet. Thompson, seeing the DiMauro truck veer to its left, and unaware of the Gouveia truck, also started to veer to the left but, because of the car which was coming up on that side, could not continue to do so. He applied his brakes but was unable to prevent his truck from striking that of DiMauro. The DiMauro truck was driven forward into that of Gouveia, and Rivkin was thrown backward, suffering the injuries to recover for which he brought this action.

The complaint alleged that Gouveia was negligent, among other matters, in failing to give a signal of his

intention to slacken or stop the truck, in violation of § 637c of the 1935 Supplement to the General Statutes, and the trial court has found him negligent in that respect. It is true that the stopping of the truck was due to its stalling and not to any voluntary act on Gouveia's part; but the statute requires a signal not only when a car stops but also where its speed is slackened, or its direction is changed, as occurred here before the truck stopped. The fact that the complaint failed specifically to allege that the DiMauro truck was compelled to stop because the rear of the Gouveia truck was in its pathway is too inconsequential an omission to merit attention. The trial court has not found, and we cannot hold as matter of law, that Thompson was negligent. The trial court could reasonably conclude that Gouveia's negligence was the proximate cause of the sudden stopping of the DiMauro truck, of the collision of the Thompson truck with its rear, and so of the injuries Rivkin suffered. *Basile* v. *DeBella*, 130 Conn. 234, 33 Atl. (2d) 123, and cases there cited.

There is no error on the appeal of Gouveia and Moreira. The plaintiffs are given permission to withdraw their appeal.

In this opinion the other judges concurred.