MARTIN M. COLLINS *v*. CITY NATIONAL BANK AND TRUST COMPANY OF DANBURY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 3—decided July 13, 1944.

*Leonard McMahon,* for the appellant (defendant).

*John J. Hunt,* for the appellee (plaintiff).

JENNINGS, J. The basic issue on this appeal may be stated as follows: Is a bank liable to its depositor in damages for his arrest and imprisonment on a charge of obtaining money under false pretenses, when it has erroneously and negligently returned his check to the bank which cashed it in the first instance with the notation "no account"? The defendant raised this issue by a motion to expunge, a demurrer, requests to charge, exceptions to the charge as delivered and a motion to set aside the verdict, but the fundamental question is the same in each instance and its determination will dispose of all of these assignments of error. Other objections to the denial of the motion to set aside the verdict can also be conveniently considered in this connection.

The jury might reasonably have found the following facts: On May 16, 1942, the plaintiff was employed at a state automobile inspection lane at Canaan. On that day he wrote to the defendant in Danbury stating that he would like to open a checking account and enclosing checks and cash amounting to $203.62. The letter was signed in his own handwriting. In reply, the defendant wrote the plaintiff acknowledging the receipt

of the money and saying that a checking account had been opened in his name in the amount stated. It enclosed a signature card and requested the plaintiff to return it. At the same time it mailed to the plaintiff a checkbook and blank deposit slips. The plaintiff learned that the lanes were to be closed down and he did not return the signature card because he wanted a permanent address before doing so and he did not intend to cash any checks until he returned to Danbury.

On May 26, the plaintiff wrote a check, payable to cash for $3.62, which he cashed at the Canaan National Bank the next day. The check reached the defendant through the clearing house on May 29 and it erroneously and negligently returned it through the clearing house with a slip attached marked "no account." The head bookkeeper believed that it was a crime for a person to draw a check on a bank where he had no account and realized that by returning the check so marked he was exposing the plaintiff to prosecution for a crime. The check with the slip attached reached the Canaan bank on June 3. The teller who had cashed it registered a formal complaint at the state police barracks and turned over the check and slip after having been told that he would have to be the complaining witness in court. Thereupon the state police secured a warrant for the plaintiff's arrest, charging him with obtaining money by false pretenses under General Statutes, § 6368. The plaintiff was found at the Ridgefield police barracks where he had gone to be certified as an auxiliary state policeman. He was arrested, driven about sixty-five miles to Canaan in a police car and locked in a cell for about two hours, when he was released on posting a $100 cash bond. Over night the police learned that the check was good and the plaintiff was found not guilty

in the trial justice court and released. The check was paid eventually.

The defendant was sued in negligence. Negligence is a breach of duty. A primary duty of a commercial bank to its depositors is to honor the latter's checks when they are good; 9 C. J. S. 684, § 342; before refusing to do so, it should use reasonable care to ascertain whether the depositor has an account with it. It was for the jury to say whether this duty had been breached. The test to be applied was, "would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" *Orlo* v. *Connecticut Co.*, 128 Conn. 231, 237, 21 Atl. (2d) 402; *Przwgocki* v. *Wikris*, 130 Conn. 419, 422, 34 Atl. (2d) 879; *Scorpion* v. *American Republican, Inc.*, 131 Conn. 42, 46, 37 Atl. (2d) 802. From what has been said, particularly from the belief of the defendant that, by returning the plaintiff's check marked "no account," it was exposing him to criminal prosecution, it is apparent that the conclusion of the jury that the defendant was negligent as to this plaintiff was a reasonable one.

Most of the discussion in the trial court and this court turned on the question of proximate cause. Contributory negligence was not in issue, and the final necessary element in the plaintiff's case was to prove that the negligence of the defendant was a substantial factor in causing his injuries. *Mahoney* v. *Beatman*, 110 Conn. 184, 195, 147 Atl. 762. This is a question of fact unless reasonable men could find no causal connection. Ibid.; *DeMunda* v. *Loomis*, 127 Conn. 313, 315, 16 Atl. (2d) 578; *Colligan* v. *Reilly*, 129 Conn. 26, 30, 26 Atl. (2d) 231. It was a question of fact in this case. After the original erroneous and negligent act of the defendant, the arrest of the plaintiff followed as

a natural and probable consequence. Relying on the information received from the defendant, the Canaan bank lodged a complaint with the police. The complaint with the supporting evidence was sufficient to justify the latter in securing a warrant and arresting the plaintiff. Looking back from the injury to the negligent act, the jury reasonably could have found the necessary causal connection. This is the correct method of determining the existence of proximate cause. *Mitnick* v. *Whelan Bros.*, 115 Conn. 650, 163 Atl. 414; *Corey* v. *Phillips*, 126 Conn. 246, 255, 10 Atl. (2d) 370; *Mourison* v. *Hansen*, 128 Conn. 62, 66, 20 Atl. (2d) 84; Restatement, 2 Torts, § 433b, comments e, f; Bohlen, Studies in the Law of Torts, p. 261; Seavey, 48 Yale L. J. 390, 403; and see *Palsgraf* v. *Long Island R. Co.*, 248 N. Y. 339, 346, 162 N. E. 99. "Instances of torts involving improbable or unforeseen consequences are frequent and in practice our own courts do not deny recovery for them as a legal cause of the consequence of the tort." *Mahoney* v. *Beatman*, supra, 191. The acts of the Canaan bank and the police were not, as a matter of law, either superseding causes or intervening forces in the sense that they broke the connection between the negligent act and the injury. *Lombardi* v. *Wallad*, 98 Conn. 510, 517, 120 Atl. 291; *Mouse* v. *Central Savings & Trust Co.*, 120 Ohio St. 599, 609, 167 N. E. 868; Restatement, 2 Torts, §§ 443, 447; 38 Am. Jur. 722.

The Connecticut cases on proximate cause were exhaustively reviewed in *Kinderavich* v. *Palmer*, 127 Conn. 85, 89, 15 Atl. (2d) 83. In the following cases, since decided, the intervening act or acts were held not to break the chain of causation: *DeMunda* v. *Loomis*, supra; *Edgecomb* v. *Great Atlantic & Pacific Tea Co.*, 127 Conn. 488, 490, 18 Atl. (2d) 364; *McDowell* v. *Federal Tea Co., Inc.*, 128 Conn. 437, 440, 23 Atl. (2d)

512; *Basile* v. *DeBella,* 130 Conn. 234, 236, 33 Atl. (2d) 123. This long line of decisions indicates that cases in which the chain of causation is found to have been broken are exceptional. The only recent example is *Fireman's Fund Indemnity Co.* v. *Longshore Beach & Country Club, Inc.,* 127 Conn. 493, 18 Atl. (2d) 347. See 1 Beven, Negligence (4th Ed.), p. 86.

The defendant relied principally on *Hartford* v. *All Night & Day Bank,* 170 Cal. 538, 150 Pac. 356, and other decisions based thereon. See note, 126 A. L. R. 217. That case is distinguishable on its facts. The depositor had only a savings account in the bank and drew a check on the commercial department. A California statute was also involved. Be that as it may, in so far as it holds that a refusal to honor a check cannot, as a matter of law, be a substantial factor in causing the depositor's arrest on a charge of obtaining money by false pretenses, we decline to follow it.

One more ground in the motion to set aside the verdict must be considered. The defendant claimed that it was excessive. The jury could have found the following additional facts, among others, on this point: The plaintiff was a bachelor, fifty-five years of age, and had lived in Danbury practically all of his life. He had been in business there for many years, had a wide acquaintance and an excellent reputation for honesty. His only previous arrest was for operating a muffler cutout on his car. He learned that the police made an extended search for him before his arrest. This search included the neighborhood in which he lived and, after his arrest, a customer in a nearby store inquired, referring to the plaintiff, "What is the matter? Is he putting out bum checks?" When the plaintiff protested against his arrest, the lieutenant in charge threatened to punch him in the jaw; on arriving in Canaan he was put in a cell, the police took

away his suspenders, necktie and knife and finger-printed him. He was very much upset, was obliged to appear in court the next day and was found not guilty. Assuming that the jury found negligence and proximate cause, these were proper factors to be considered. See *Squires* v. *Reynolds*, 125 Conn. 366, 371, 5 Atl. (2d) 877; 1 Beven, Negligence (4th Ed.), pp. 91 et seq.

The trial court directed the jury to find no special damages but, if they found liability, to award the plaintiff compensatory damages. The verdict was for $2000. In the absence of special or punitive damages, the amount is liberal but cannot be said to be so excessive as to require interference by this court. As the trial court well said: "Was the award excessive? Who can measure with exactitude the humiliation and mortification of one who is unjustly arrested and locked up. . . . It is an intangible upon which the determination of the jury is entitled to great weight. The amount of the verdict may have been generous but is not of such an amount as to be unconscionable."

The remaining assignments of error include one attacking a statement made by the trial court in the presence of the jury. This was explained in the charge in such a way that any possible prejudice to the defendant was obviated. Of the three rulings on evidence assigned, two, relating to damages, were correct, and as to the third the evidence objected to was stricken out. Most of the assignments of error directed to the charge have been disposed of in the discussion of the principal issue in the case. Several of the remainder do not require discussion. The defendant assigned failure of the court to charge adequately on the effect of General Statutes, § 6368, under the provisions of which the plaintiff was arrested. In the absence of a request to charge on this point, no

harmful error was committed in this respect. *Coy* v. *Milford,* 126 Conn. 484, 488, 12 Atl. (2d) 641. The issues removed from the consideration of the jury clarified the charge and did not harm the defendant. These assignments are not well taken.

There is no error.

In this opinion the other judges concurred.