[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Clarence Godwin (hereafter "Godwin"), instituted this action against the defendants, Danbury Eye Physicians and Surgeons, P.C., and Vincent S. Reppucci, M.D. (hereafter "Reppucci"), for damages arising out of a surgical procedure performed on April 28, 1992. The factual predicate herein began on April, 1992, when Godwin was having vision difficulties in his left eye and sought treatment from Reppucci. Consent was granted to perform laser surgery on his eye. Reppucci allegedly did not inform Godwin of the necessity of nor the risks associated with anesthetizing the eye prior to the laser procedure. The anesthetization was to be accomplished by inserting a needle into the area surrounding the eyeball and injecting an anesthetic into the surrounding tissue. In performing the anesthetic procedure, Reppucci inserted the needle into the eyeball itself and injected the anesthetic into Godwin's eye, causing extensive permanent damage, including tearing and detachment of the retina and substantial impairment of Godwin's vision.
The first count of Godwin's complaint states a cause of action for assault and battery for the alleged non-consensual anesthetic procedure. The second count alleges lack of informed consent, which Godwin has referred to as "negligent assault and battery." The third count appears to allege a cause of action grounded in negligence, and the fourth count appears to allege a cause of action based on the res ipsa loquitur doctrine. The fifth and final count sounds in negligence based on medical malpractice.
On October 19, 1995, the defendants filed a joint motion to strike the first four counts of the complaint on the ground that they fail to state legally sufficient causes of action. In their memorandum in support of the motion, the defendants argue that CT Page 3487 the first count alleging assault and battery is insufficient because "Connecticut case law does not recognize a patient's cause of action for assault/battery unless it is alleged that there was a failure on the part of the defendant-doctor to obtainany consent. . . ." (Defendants' motion to strike, p. 1.)
They also argue that the second count also attempts to state a cause of action for assault and battery, and they therefore argue that it is legally insufficient for the reasons stated above. The defendant characterize the third count as one for "simple negligence," and argue that it is legally insufficient because "[t]he plaintiff . . . cannot allege simple negligence in the context of the rendering of professional medical services; the proper allegation is one of medical malpractice. . . ." (Defendants' memorandum in support, p. 2.)
Finally, the defendants challenge the legal sufficiency of the fourth count on the ground that it attempts to state a cause of action on the basis of the res ipsa loquitur doctrine. The defendants again assert that the plaintiff's cause of action should be pleaded as medical malpractice.
On October 26, 1995, Godwin filed an objection to the motion to strike, arguing that the motion is improper because the case had appeared on the dormancy list prior to the filing of the motion. On November 29, 1995, Godwin filed a second memorandum in opposition to the motion to strike, reasserting his contention that the motion is procedurally defective because the case appeared on the dormancy list. In addition, Godwin argues that his entire complaint is legally sufficient under the substantive law.
The function of a motion to strike is "to test the legal sufficiency of a pleading." RK Constructors Inc. v. Fusco Corp.,231 Conn. 381, 384. "The motion to strike . . . admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142. On a motion to strike "[t]he trial court . . . [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536. Moreover, "[i]n ruling on a motion to strike[,] the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138,140. CT Page 3488
Godwin's assertion that the motion to strike is improperly filed because the case appeared on the dormancy list, is rejected. Section 251 of the Practice Book provides, in part: "If a case is printed on a dormancy calendar pursuant to the dormancy program administered under the direction of the chief court administrator, and a motion for default for failure to plead is filed pursuant to Sec. 128, only those papers which close the pleadings by joining issues, or raise a special defense, may be filed by any party, unless the court otherwise orders."
In the instant case, the court, Leheny, J., issued an order on October 2, 1995, denying the defendants' May 3, 1995, request to revise. Pursuant to Sec. 114 of the Practice Book, the defendants had fifteen days from October 2, 1995, to file a responsive pleading in accordance with the court's order.
Godwin filed a motion to default the defendants for failure to plead on October 16, 1995 — one day prior to the expiration of time for the defendants to file such a pleading. Therefore, Godwin's motion for default was premature and, as such, was not properly filed in accordance with Sec. 251. Moreover, Godwin's motion for default was denied on December 6, 1995. The case was dismissed for dormancy on December 8, 1995, no motion for exemption having been filed by the parties.
On December 11, 1995, this court heard argument on the defendants' motion to strike, unaware of the dormancy dismissal. Apparently, the parties were also unaware of the dormancy dismissal since neither counsel brought it to the court's attention. This court will, therefore, open the judgment of dismissal, since the parties were clearly engaged in pleading practice at the time of the dismissal, but simply failed to file a motion for exemption.
Count One
Count one states a legally sufficient cause of action for assault and battery. Although the defendants assert that Connecticut does not recognize a cause of action for assault and battery "unless it is alleged that there was a failure on the part of the defendant-doctor to obtain any consent," battery can also consist of failure to obtain consent for a particular procedure or performance of a procedure different from the one for which consent has been given, or where the patient does not understand what the consented-to procedure entails. Caron v.CT Page 3489Adams, 33 Conn. App. 673, 688, relying on Shenefield v. GreenwichHospital Assn., 10 Conn. App. 239, and Lambert v. Stovell,205 Conn. 1.
In the instant case, Godwin alleges in the first count that Reppucci failed to advise him that an anesthesia procedure would be used on his eye prior to the laser surgery. This is clearly an allegation of failure to obtain consent for a particular procedure, namely, the anesthetization procedure and, as such, states a legally sufficient cause of action for battery. Accordingly, the motion to strike is denied as to count one.
Count Two
Count two also states a legally sufficient cause of action for lack of informed consent. A cause of action for lack of informed consent, which is essentially a negligence claim, can arise where a physician has obtained consent to perform a procedure, but has not informed the patient of the risks and alternatives surrounding the procedure. Caron v. Adams, supra,33 Conn. App. 687; Shenefield v. Greenwich Hospital Assn., supra,10 Conn. App. 248.
In the second count, Godwin alleges that Reppucci obtained his consent to perform the laser surgery, but "failed to inform Mr. Godwin of those facts that a reasonable patient would consider material in order to decide whether or not to consent to such procedures." (Complaint, count two, ¶ 6.) Although the defendants correctly point out that Godwin referred to the second count as "negligent assault and battery" in paragraph 8, but an examination of the legal theory pleaded in that count clearly reveals that Godwin has pleaded a cause of action for lack of informed consent. The motion to strike is also denied as to count two.
Count Three
Count three states a legally sufficient cause of action for negligence based on medical malpractice. Although the defendants argue that "[t]he plaintiff cannot allege simple negligence in the context of the rendering of professional medical services; the proper allegation is one of medical malpractice," in fact, a medical malpractice claim is a negligence claim. Negligence is the breach of the duty of care owed to another individual;Petriello v. Kalman, 215 Conn. 377, 382, quoting from Urban v.CT Page 3490Hartford Gas Co., 139 Conn. 301, 304; medical malpractice is also a breach of the duty of care owed to another. Barnes v. Schlein,192 Conn. 732, 735, 473. The only distinction between the two actions is the applicable standard of care used to measure the tortfeasor's actions.
In a simple negligence case, the standard of care is generally that of an ordinary reasonable prudent person in the defendant's position. Collins v. City National Bank Trust Co.of Danbury, 131 Conn. 167, 170. In a medical malpractice action, the standard of care is defined as the duty "to exercise that degree of care, skill and diligence which physicians in the same general neighborhood and in the same general line of practice ordinarily possess and exercise in like cases." Katsetos v.Nolan, 170 Conn. 637, 644-45. See also Sec. 52-184c of the General Statutes (establishing statutory standard of care for health care providers).
In the count three, Godwin alleges that "[i]n the ordinary course of administering anesthesia around a patient's eyeball[,] one, exercising the degree of skill and learning of a qualified anesthesiologist, would not insert a needle into the eyeball, and such an insertion would not occur except through the negligent act of the party administering such anesthetic." (Complaint, count three, ¶ 6.) Reading the complaint liberally and "constru[ing] the facts in the complaint most favorably to the plaintiff"; Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170; as the court is required to do, these allegations state a legally sufficient claim for negligence based upon medical malpractice since it alleges that the defendants failed to exercise the applicable standard of care when treating Godwin. The motion to strike is denied as to count three.
Count Four
Count four should be stricken as it fails to set forth a legally sufficient claim. Although Godwin correctly argues that the doctrine of res ipsa loquitur is applicable in a medical malpractice case, cases have held that there is no independent
cause of action for res ipsa loquitur. For instance, the court inEstate of Just v. Aparo, 8 CSCR 542, 543 (April 27, 1993, Higgins, J.), stated: "The doctrine of res ipsa loquitur is a rule of circumstantial evidence that is designed to allow the inference of negligence and is not an independent cause [of] action. While this case may be a proper one to apply the doctrine CT Page 3491 of res ipsa loquitur, it is not proper to plead it as a separate cause of action. The plaintiff, having already alleged a cause of action for negligence in count one, cannot allege the same action again in count three merely by claiming it is a separate action based on the doctrine of res ipsa loquitur." See also Barrett v.Danbury Hospital, Superior Court, judicial district of Danbury at Danbury, Docket No. 31 00 46 (March 3, 1994, Moraghan, J.), aff'd, 232 Conn. 242, (granting summary judgment on cause of action based solely on res ipsa loquitur); Blackburn v.Miller-Stephenson Chemical Co. Inc., 13 Conn. L. Rptr. 364
(January 12, 1995, Stodolink, J.) (striking cause of action which was based solely on res ipsa loquitur); Estate of Shrader v.Atlantic Coast Cable, 8 CSCR 738 (June 28, 1993, Fuller, J.)(same).
Godwin has alleged a cause of action for negligence based on medical malpractice in count three. Therefore, he cannot now allege the same misconduct and characterize it as a separate claim under the doctrine of res ipsa loquitur. Accordingly, count four is stricken as legally insufficient.
To summarize, the motion to strike as to counts one, two and three, is denied, but granted as to count four.
Moraghan, J.