### COX v. NATIONAL LOAN & EXCHANGE BANK

(136 S. E., 637)

1. Libel and Slander—Complaint that Bank Failed to Present Check to Drawee Bank, but Returned it with Notice that Depositor's Account was Charged Therewith, Held to State Cause of Action for Libel.__Complaint alleging that defendant bank had failed and refused to present check given by plaintiff to bank on which it was drawn, but returned it to depositor with notice that her account was charged therewith, *held* sufficient to constitute cause of action for libel by reason of natural inferences that might be drawn from writing reflecting on plaintiff.

2. Banks and Banking—Bank Crediting Customer's Deposit Account with Check must Thereafter Present Check to Drawee Bank.—Bank having entered check on customer's deposit account as a credit has duty thereafter of presenting check to drawee bank.

Before Whaley, J., Richland, September, 1925. Affirmed.

Action by H. H. Cox against the National Loan & Exchange Bank. From an order overruling a demurrer to the complaint, defendant appeals.

The order overruling the demurrer is as follows:

"This matter comes up upon a demurrer interposed to the complaint herein based upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

The demurrer does not specify wherein the complaint fails to state a cause of action, but said specifications were stated orally by the attorney for the defendant.

"Assuming that the defendant's contention that the defendant bank was under no duty or obligation to present the check for payment to the bank upon which it was drawn is correct, nevertheless, it would not have the right to attach to said check, when it was returned, any statement, which, when fairly construed in the light of all the surrounding facts and circumstances and in connection with the well known customs of banks, is libelous of the drawer of said check.

"I am constrained to hold that public policy, taken in connection with the Negotiable Instruments Act, the custom of banks, etc., the allegations of the complaint—which must be construed most favorable to the plaintiff upon a demurrer—prevent the complaint from being subject to demurrer. If the plaintiff proves the material allegations of the complaint as alleged, it would seem, at least in passing upon demurrer, that the effect of the writing would then become a question for a jury to pass upon.·

"It is therefore ordered that the demurrer be and the same is hereby overruled and that the defendant have five days from the date of this order to serve its answer upon the attorneys for the plaintiff."

*Messrs. Melton & Belser*, for appellant, cite: *Libel defined:* 4 McC. L., 317; Dudley L., 303; 31 Am. Dec., 556; 18 A. & E. Enc., 861. *In determining whether words are libelous they must be given usual meaning:* 116 S. C., 82; 2 N. & McC., 511; 1 N. & McC., 216; 18 A. & E. Enc., 975. *Defendant under no legal duty to present check to drawee bank:* 128 S. E., 861. *Effect of innuendo:* 17 R. C. L., 396. *What demurrer to complaint for libel admits:* 116 S. C., 81 18 A. & E. Enc., 982; 17 R. C. L., 398. *Whether innuendo*

*warranted is question of law:* 17 R. C. L., 398. *Whether unambiguous words are libelous is question of law:* 116 S. C., 77; 2 N. & McC., 317; 18 A. & E. Enc., 990 and 994.

*Messrs. Graydon & Graydon,* for respondent, cite: *Demurrer for failure to state facts sufficient to constitute cause of action must set out facts not stated:* 14 S. C., 63; 13 S. C., 439. *Complaint stating cause of action not demurrable:* 71 S. C., 95; 70 S. C., 118.

January 14, 1927.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an appeal from an order of his honor, Judge Whaley, of the county Court of Richland county, overruling a demurrer interposed by the defendant to the plaintiff's complaint, upon the general ground that it dose not state facts sufficient to constitute a cause of action.

The complaint alleges in substance that the plaintiff issued his check on the Columbia National Bank to one Mrs. Warwick for $2.50, in payment of a bill; that at the time he had sufficient funds on deposit with said bank to meet the same; that Mrs. Warwick deposited the check to her credit in the defendant bank; that the defendant bank failed and refused to present the check to the bank upon which it was drawn, but returned it to Mrs. Warwick with a notice pinned to it stating, "We hereby charge your account and return herewith items listed, H. H. Cox, $2.50," without giving any reason therefor; that by said notice the defendant intended to, and did charge in effect, that the plaintiff had given a check without funds to meet it; that he was not careful in his business dealings; that it had presented the check, as it was its duty to do, to the bank upon which it was drawn, and that payment had been refused; that the plaintiff was thereby guilty of a crime in violation of the "bogus check" law; and that that was the understanding of Mrs. Warwick and of other persons— all to his damage $3,000.

The defendant interposed a demurrer upon the general ground, without specifications, upon the hearing of which his Honor, Judge Whaley, passed an order overruling the demurrer for the reasons stated therein, which order will be reported; from which the defendant has appealed.

It is apparent that the writing claimed to have constituted a libel does not present a case of libel *per se,* but the allegations of the complaint seek to establish its libelous character by what is technically called the *innuendo,* in a complaint for libel—a practical admission that the writing is not libelous *per se,* but becomes so by reason of the natural inferences that might be drawn from it, and which were intended to be drawn from it, and which were intended to be drawn, reflecting upon the plaintiff.

We do not apprehend that there would or could be reasonable ground to question the proposition that if the writing had directly charged the plaintiff with issuing a check upon a bank in which he did not at the time have on deposit a sufficient credit to meet the check, the writing would be libelous, as reflecting upon the personal integrity of the plaintiff or of his business capacity and methods, and as subjecting him to a criminal prosecution. Where, however, the charge is not directly made in the writing, the question for decision is thus stated in Newell on Libel and Slander (4th Ed.), 736:

"If, however, the words are capable (susceptible?) of the meaning described to them by the *innuendo* and there is any evidence to go to the jury that they were used with that meaning, then it will be for the jury to decide whether in fact the words were understood in that sense by those who first heard or read them."

That the notice, taken in connection with the attending circumstances, was susceptible of the meaning attributed to it by the *innuendo* of the complaint seems to us clear.

The notice returning the check, stated that the account of Mrs. Warwick had been charged back with the amount of the plaintiff's check, is an admission on the part of the defendant bank that the item had been entered upon her deposit account as a credit. If so, it was plainly the duty of the bank to present the check to the drawee bank. The depositor, Mrs. Warwick, had the right to assume that the bank had done this. The inference which she naturally would draw was that the check had been presented and dishonored, the action of the bank being practically a charge to that effect.

The judgment of this Court is that the order overruling the demurrer be affirmed.

MESSRS. JUSTICES WATTS, BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.