## W. A. THOMAS v. AMERICAN TRUST COMPANY.

(Filed 1 November, 1935.)

1. **Banks and Banking C e: Trial D a—Where evidence shows breach of contract entitling plaintiff to nominal damages, refusal to nonsuit is proper.**

   Where a bank wrongfully and unlawfully refuses to pay a check of a depositor drawn against his account, the bank breaches its contract with the depositor and the depositor is entitled to nominal damages at least, and where there is sufficient evidence that the bank wrongfully and unlawfully refused to pay the depositor's check, the bank's motion for judgment as of nonsuit in the depositor's action to recover damages therefor is properly refused.

**2. Banks and Banking C e—In absence of malice, bank is liable only for actual damage resulting from wrongful refusal to pay depositor's check.**

The liability of a bank to a depositor for wrongfully and unlawfully refusing to pay a check of the depositor drawn against his deposit and properly presented for payment, is limited to the actual damage sustained by the depositor when such refusal to pay the check is due to an error or mistake of the employee of the bank and not to malice, C. S., 220 (m), and in the absence of evidence of malice, plaintiff depositor's recovery should be limited to the issue of actual damage sustained.

**3. Same: Trial E d—Instruction on issue of damage in action against bank for wrongfully refusing to pay check held not supported by evidence.**

In an action by a depositor against a bank to recover for the wrongful and unlawful refusal by the bank to pay the depositor's check, it is error for the court to charge the jury on the issue of damage that it should consider the evidence of damage sustained by plaintiff through injury to his credit and reputation in the community resulting from the bank's wrongful act when there is no evidence that plaintiff's credit or reputation had been injured thereby.

APPEAL by defendant from *Hill, Special Judge,* at October Special Term, 1934, of MECKLENBURG. New trial.

This is an action to recover damages caused by the wrongful and malicious refusal of the defendant to pay a check drawn by the plaintiff on the defendant, and duly presented for payment by the payee of the check.

In its answer, the defendant admitted that it had refused to pay the check drawn on it by the plaintiff, as alleged in the complaint; it denied that its refusal to pay the check was wrongful or malicious; it also denied that plaintiff had suffered damages, actual or otherwise, from its refusal to pay said check.

At the trial, the evidence for the plaintiff tended to show that for more than a year prior to 21 March, 1933, the plaintiff, a resident of the city of Charlotte, had kept an account with the defendant in its bank in said city. The plaintiff from time to time made deposits with the defendant, and from time to time drew checks on the defendant, which were duly paid by the defendant, when presented for payment.

On the morning of 21 March, 1933, when the defendant opened its bank for the day's business, the plaintiff's account was overdrawn by a small amount. Soon after the defendant opened its bank, at about 9 o'clock, the plaintiff deposited with the defendant the sum of $74.60, which was accepted by the defendant, and entered on plaintiff's pass book as a deposit. At the time the plaintiff made this deposit, he drew his check on the defendant for five dollars. This check was payable to the plaintiff and was paid by the defendant.

After the plaintiff had made the deposit of $74.60 and had received payment of his check for five dollars, he returned to his place of business in the city of Charlotte, and there drew his check on the defendant for three dollars, payable to the order of A. P. Perry. The plaintiff delivered this check to the payee, who presented it to the defendant for payment at about 10 o'clock that morning. The teller to whom the check was presented refused to pay the check. He made a note on the check as follows: "No account in this name."

The payee did not notify the plaintiff of defendant's refusal to pay his check, but during the morning of 22 March, 1933, procured a criminal warrant from a justice of the peace of the city of Charlotte, for the arrest of the plaintiff for issuing a "bad check," in violation of the statute. The officer to whom the warrant was directed went to the plaintiff's place of business, and after advising the plaintiff that he had the warrant for his arrest, directed him to appear at the office of the justice of the peace at 3 o'clock that afternoon. The plaintiff was not arrested by the officer under the warrant.

As directed by the officer, the plaintiff, accompanied by his attorney, went to the office of the justice of the peace, at 3 o'clock p.m., on 22 March, 1933. At the request of the plaintiff, an officer or employee of the defendant was present at the office of the justice of the peace, and testified that the refusal of the defendant to pay the check when the same was presented for payment by the payee was due to a mistake on the part of the teller to whom it was presented. This teller did not know when the check was presented to him at 10 o'clock that plaintiff had made a deposit at 9 o'clock that morning sufficient to cover his overdraft and to leave to plaintiff's credit an amount sufficient for the payment of the check. After hearing the evidence, the justice of the peace found that the plaintiff was not guilty as charged in the affidavit on which the warrant was issued, and dismissed the action. The defendant voluntarily paid the costs of the action.

At the trial of this action the plaintiff testified that his credit as a business man in the city of Charlotte had not been affected by the issuance of the warrant by the justice of the peace, or by the trial of the criminal action. He said: "I do not know of any place where my credit has been affected by the issuance of the warrant or by the trial. The only injury which I suffered was restlessness during the night following the trial. When I thought of the criminal charge unjustly made against me, I felt humiliated."

At the close of the evidence, the defendant moved for judgment as of nonsuit. The motion was denied, and defendant excepted.

The issues submitted to the jury were answered as follows:

"1. Did the defendant wrongfully and unlawfully refuse to pay or honor plaintiff's check, as alleged in the complaint? Answer: 'Yes.'

"1½. Did the defendant wrongfully and unlawfully represent to the payee of the check drawn by plaintiff on defendant bank that plaintiff had no account in said check, as alleged? Answer: 'Yes.'

"2. What general damages, if any, is the plaintiff entitled to recover? Answer: '$500.00.'

"3. What special damages, if any, is the plaintiff entitled to recover? Answer: '$100.00.'"

From judgment that plaintiff recover of the defendant the sum of $600.00, and the costs of the action, the defendant appealed to the Supreme Court, assigning as error the refusal of the court to allow its motion for judgment as of nonsuit, and certain instructions of the court to the jury to which defendant duly excepted.

*Merl M. Long and Jake F. Newell for plaintiff.*
*Whitlock, Dockery & Shaw for defendant.*

CONNOR, J. There was evidence at the trial of this action from which the jury could find, as it did, that the refusal of the defendant to pay the check which was drawn by the plaintiff and duly presented for payment by the payee, was wrongful and unlawful. Such refusal was a breach of the contract between the plaintiff and the defendant with respect to plaintiff's deposit with the defendant. For such breach, the plaintiff was entitled to nominal damages, at least. *Woody v. Bank,* 194 N. C., 549, 140 S. E., 150. For this reason, there was no error in the refusal of the court to allow defendant's motion for judgment as of nonsuit.

There was no evidence, however, tending to show that defendant's refusal to pay the check was malicious. All the evidence shows that the nonpayment of the check was due to a mistake or error on the part of the defendant's teller to whom the check was presented for payment. For this reason, plaintiff's recovery in this action is limited to the actual damages which he suffered by the refusal of the defendant to pay his check.

It is provided by statute that "no bank shall be liable to a depositor because of the nonpayment, through mistake or error, and without malice, of a check which should have been paid had the mistake or error of nonpayment not occurred, except for the actual damages by reason of such nonpayment that the depositor shall prove, and in such event the liability shall not exceed the amount of damages so proven." C. S., 220 (m).

With respect to the second issue, the court instructed the jury as follows:

HICKS *v.* PURVIS.

"The court instructs you that if you find by the evidence and by its greater weight, the burden being on the plaintiff, that the defendant wrongfully refused to honor the plaintiff's check, as alleged, or wrongfully represented that the plaintiff had no account in the defendant's bank, and that in consequence of the latter, the plaintiff's check was turned down, and you further find from the evidence and by its greater weight that as a proximate result of this the plaintiff's credit was impaired or impeached, or his standing injured, or his reputation impaired, then the jury should award such damages as they shall find from the evidence and by its greater weight to be a reasonable compensation for the injury, if any, to the plaintiff's credit, standing, or reputation, brought about and proximately sustained in consequence and as the proximate result of ` the defendant's alleged wrongful conduct, if the defendant was guilty of any alleged wrongful conduct."

The defendant's exception to this instruction must be sustained. There was no evidence from which the jury could find that plaintiff's credit had been injured, his standing impaired, or his reputation impeached by the refusal of the defendant to pay his check. The plaintiff himself testified to the contrary.

For the error in the instruction, the defendant is entitled to a new trial.

At the new trial, we think that the only issue as to damages should be as follows: "What actual damages, if any, has the plaintiff sustained by the wrongful refusal of the defendant to pay his check?"

Whether there was evidence at the former trial tending to show more than nominal damages, we do not now decide.

New trial.