DOROTHY E. NEALIS, Plaintiff, *v.* INDUSTRIAL BANK OF COMMERCE, Defendant.

Supreme Court, Trial Term, New York County, October 11, 1951.

*Carter, Smith & Wright* for plaintiff.

*John J. Dwyer* and *Henry W. Parker* for defendant.

DICKSTEIN, J. This action, brought by a depositor against a bank, seeks recovery in two causes of action, for libel and for negligence.

Plaintiff, an attorney, maintained two accounts in defendant bank, one a general account in her name and the other likewise in her name, with the word " attorney " after it. A check drawn by plaintiff on the latter account upon the defendant bank was

returned by it to the payees with the notation " Short " or " Insufficient Funds ", when in fact the account of Dorothy E. Nealis, attorney, had sufficient funds to meet the draft. The error arose by reason of the erroneous credit by the bank to plaintiff's personal account of a check deposited to the credit of the account of plaintiff, attorney. On the reverse side of the check thus issued and returned, and just above the indorsement, was typewritten the following: " This check is in full payment of all claims against Calvin H. and Frances Raullerson, pursuant to General Release dated November 16th, 1950."

From all the circumstances it was quite apparent that the account in question was a special or trust account, that the funds drawn upon did not belong to plaintiff but were moneys paid to her by her clients for transfer to the payees in settlement of their claim against plaintiff's clients. There was no proof of special damage or of injury to credit. " In this state the liability is for nominal damages and no more, if the dishonor of the checks is the result of innocent mistake." (*Wildenberger* v. *Ridgewood Nat. Bank,* 230 N. Y. 425, 427–428.) General damage is consequent upon willful dishonor as distinguished from heedless refusal of payment. (*Wahrman* v. *Bronx Co. Trust Co.,* 246 App. Div. 220.) Here there was mere accident or mistake. The error was heedless rather than willful.

The court holds, however, that in the circumstances the return of the check amounted to a charge of dishonesty or breach of trust against an attorney with respect to property of clients, importing lack of qualities essential to a lawyer in his professional capacity. While the court finds also that there was no adequate retraction, yet the general damage ensuing seemingly did not exceed momentary embarrassment, particularly since the immediate persons and parties to whom the information was conveyed were readily accessible to the plaintiff for explanation.

Accordingly, the court finds that plaintiff is entitled to prevail on both counts, awarding damages on the first cause of action in the sum of $100, and on the second cause of action in the sum of six cents. The parties have not waived findings. This memorandum opinion will constitute the decision of the court, and the clerk is directed to enter judgment accordingly.