BRITTON MANUFACTURING COMPANY, INC. *v.*
CONNECTICUT BANK AND TRUST
COMPANY ET AL.

| SUPERIOR COURT | HARTFORD COUNTY | FILE NO. 105450 |
|---|---|---|

Memorandum filed September 18, 1956.

*Bennett, Buckley & McCarthy,* of Ansonia, for the plaintiff.

*Schatz & Schatz,* of Hartford, for the named defendant.

*William M. Stremlau,* of Meriden, for the defendant First Federal Savings & Loan Association of Meriden.

COTTER, J.  Plaintiff brought suit in defamation upon the failure of the defendant banks to honor a check of the plaintiff when there was sufficient funds in the bank at the time it was presented for payment.

The check was drawn on the Connecticut Bank and Trust Company and was deposited in The First Federal Savings and Loan Association in Meriden by the payee for collection.  The plaintiff in his original complaint claimed that as a result of the failure of the defendants to honor the check, the financial reputation of the plaintiff was seriously damaged, its credit defamed and it suffered serious injury to its business reputation.  A demurrer was sustained.  The plaintiff filed an amended complaint which merely deleted the amount of the check and repeated the former allegations.  A motion was filed to expunge the amended complaint. The demurrer decided the sufficiency of the complaint.  The amended complaint adds nothing additional to the cause of action.  The motion to expunge is the proper method of attacking such a pleading.  General Statutes § 7822; Practice Book § 59; *LaFrance* v. *LaFrance,* 127 Conn. 149, 154.  The amended complaint must allege facts sufficient to constitute a cause of action. Defamation is a false publication, calculated to bring one into disrepute.  The question is whether or not there was a publication which was injurious to the good name of the plaintiff or whether it might bring him into disrepute.  *Burns* v. *Telegram Publishing Co.,* 89 Conn. 549, 552.  Liability of a bank may be enforced in tort or in contract. *First National Bank* v. *Shoemaker,* 117 Pa. 94; note, 126 A.L.R. 207, 235.

A Connecticut rule has been set down that a bank must use reasonable care to ascertain whether the

drawer has an account. *Collins* v. *City National Bank & Trust Co.*, 131 Conn. 167, 153 A.L.R. 1030. The failure to honor a check would reflect upon the business of the plaintiff and would suggest a crime. General Statutes § 8697. This would be an injury to his reputation. *Urban* v. *Hartford Gas Co.*, 139 Conn. 301, 308.

The law of defamation is concerned with reasonable regulations so that the public receives accurate and honest information about anyone. *Berg* v. *Printers' Ink Publishing Co.*, 54 F. Sup. 795, aff'd, 141 F.2d 1022; 53 C.J.S. 34. To maintain such an action, there must be an unprivileged publication of false and defamatory matter which is actionable per se or which results in special harm to another.

It has been held that where a correspondent bank with which a check on another bank is deposited does not present the check for payment but returns it, charging the payee's account, such action may amount to a charge that the drawer has issued a check on a bank without having sufficient funds. If false, it is libelous per se, reflecting on the personal integrity of the drawer and subjecting him to a criminal prosecution, and it was held that a demurrer to the complaint was properly overruled. *Cox* v. *National Loan & Exchange Bank,* 138 S.C. 381, 53 A.L.R. 798.

Since the plaintiff has failed to allege facts which constitute a cause of action under the amended complaint, the motion to expunge is proper.

The motion is granted.