**THEODORE SKOV d/b/a TEDDY'S FISH SHOP**

v.

**THE CHASE MANHATTAN BANK, Appellant**

No. 17,276

United States Court of Appeals
Third Circuit

Argued January 28, 1969
Decided March 11, 1969

MILBANK, TWEED, HADLEY & McCLOY, New York, New York (ANDREW J. CONNICK, ESQ., for counsel), *for appellant*

YOUNG, ISHERWOOD, GIBBS, CARNEY, Christiansted, St. Croix, Virgin Islands (WARREN H. YOUNG, ESQ., for counsel), *for appellee*

Before FREEDMAN, VAN DUSEN and ALDISERT, *Circuit Judges*

OPINION OF THE COURT

PER CURIAM:

On this appeal, defendant seeks reversal of a judgment for plaintiff, entered following a trial to the court, for damages which the trial judge found resulted from defendant's dishonoring, through an error, plaintiff's check given to its supplier of cleaned kingfish and dolphin.

15

After a careful review of the record, we have determined that the defendant's contention that there is no substantial evidence (see F. R. Civ. P. 52(a)) to support the trial judge's findings that by reason of this dishonor, the supplier terminated its arrangement of storing the abovementioned fish for future delivery to plaintiff, without payment until delivery, and that such termination made it impossible for plaintiff to continue its sales of such fish to the hotel customers who had been buying such fish from it during the first quarter of 1967, must be rejected.[1] Also, the record discloses that there was substantial evidence[2] in support of the amount of consequential damages which the experienced and able trial judge found (DA 106–108) had been proximately caused by the bank's mistake.

■■■ The trial judge properly relied on § 4—402[3] of the Uniform Commercial Code (11A V. I. C. § 4—402), which is not a model of clarity in its reference to "damages proximately caused", "actual damages proved", and "consequential damages".[4] However, the statutory language

---

[1] The Official Comment (par. 5) to § 4—402 of the Uniform Commercial Code includes this language:
"The fourth sentence of the section . . . leaves to determination in each case as a question of fact whether the dishonor is or may be the 'proximate cause'."

[2] DA 113 (Plaintiff's Exhibit 5), DA 22–26, 34, 40–42, 66, 67 & 81, 82, as well as testimony of hotel customers at DA 48–50, 57–60 & 62–65. At the least, the evidence produced by plaintiff placed the burden on defendant of going forward with the evidence by calling the supplier or other witnesses, which it did not do.

[3] Section 4—402 provides as follows:
"A payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item. When the dishonor occurs through mistake liability is limited to actual damages proved. If so proximately caused and proved damages may include damages for an arrest or prosecution of the customer or other consequential damages. Whether any consequential damages are proximately caused by the wrongful dishonor is a question of fact to be determined in each case."

[4] Paragraph 3 of the Official Comment of the drafters of the Code provides:
". . . in all cases of dishonor by mistake damages recoverable are limited to those actually proved."
Cf. Comment, "The Uniform Commercial Code: Changes in the New York Law of Damages," Part II-C, Bank's Liability to Customer for Wrongful Dishonor, 31 Fordham L. Rev. 749, 774–776 (1963); Trumbull, "Bank Deposits and Collections in Illinois under the Proposed Uniform Commercial Code," 55 NW.U.L.Rev. 253, 280 (1960).

16

used authorized the trial judge on this record to award damages by determining the annual loss of profits to plaintiff from the termination of his relationship with his supplier and to project this loss for a three-year period. Cf. Bigelow v. RKO Radio Pictures, 327 U.S. 251, 262–266 (1946) ; American Motor Sales Corporation v. Semke, 384 F.2d 192, 199–200 (10th Cir. 1967). The only appellate court case which counsel or the court has been able to find applying this statutory language concerning damages is fully consistent with the determination made by the fact finder in this case. See Loucks v. Albuquerque National Bank, 76 N.M. 735, 418 P.2d 191 (1966).[5]

The judgment of the District Court will be affirmed.

---

[5] In this case, the court used this language at pp. 198–99 of 418 P.2d:

"The problem then resolves itself into whether or not the evidence offered and received, together with any evidence properly offered and improperly excluded, was sufficient to establish a question as to whether the partnership credit and reputation were proximately damaged by the wrongful dishonors. There was evidence that ten checks were dishonored, that one parts dealer thereafter refused to accept a partnership check and Mr. Loucks was required to go to the bank, cash the check, and then take the cash to the parts dealer in order to get the parts; that some persons who had previously accepted the partnership checks now refused to accept them; that other places of business denied the partnership credit after the dishonors; and that a salesman, who had sold the partnership a map and for which he was paid by one of the dishonored checks, came to the partnership's place of business, and ripped the map off the wall because he had been given 'a bad check for it'.

"This evidence was sufficient to raise a question of fact to be determined by the jury as to whether or not the partnership's credit had been damaged as a proximate result of the dishonors. This question should have been submitted to the jury.

"Damages recoverable for injuries to credit as a result of a wrongful dishonor are more than mere nominal damages and are referred to as '* * * compensatory, general, substantial, moderate, or temperate, damages as would be fair and reasonable compensation for the injury which he [the depositor] must have sustained, but not harsh or inordinate damages. * * *' 5A Michie, Banks and Banking, § 243 at 576.

". . . The amount of such damage is to be determined by the sound discretion and dispassionate judgment of the jury."