**MOHAMMED ISIS, Plaintiff**

**v.**

**FIRST PENNSYLVANIA BANK, N.A., Defendant**

Civil No. 595C-76

Territorial Court of the Virgin Islands

Div. of St. Croix

December 23, 1977

EDWARD J. OCEAN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

DAVID V. O'BRIEN, ESQ. (MERWIN, ALEXANDER & O'BRIEN), Christiansted, St. Croix, V.I., *for defendant*

FINCH, *Judge*

### MEMORANDUM OPINION AND JUDGMENT

This is an action styled by the plaintiff as one for breach of contract. For purposes of complying with 5 V.I.C. App. 1, Rule 54(a) the following are findings of fact. Between September 14, 1973 and September 29, 1973 plaintiff drew seven checks totalling $729.50 directing the defendant bank to pay. All of the checks were wrongfully

dishonored by the bank. Defendant dishonored the checks because it found that the plaintiff did not have sufficient funds in his account. Plaintiff had $2,000 on deposit in his checking account in the bank at the time of dishonor. On January 21, 1974 plaintiff was arrested for writing worthless checks and taken to police headquarters.

Plaintiff alleges that the act of arrest injured his business and inflicted mental anguish, disgrace and physical suffering. He seeks damage as follows: $2,000 representing a deficiency in his checking account; restitution of a $33 overdraft service charge imposed by the defendant; $4,500 damages for false imprisonment and $2,500 for damage to his business.

At trial the defendant moved to dismiss the claim for false imprisonment on the ground that plaintiff was barred by the two-year statute of limitations for tort actions, 5 V.I.C. § 31(5)(A). Plaintiff seeks to avoid dismissal by contending that 11A V.I.C. § 4—402 allows him to recover for false imprisonment as part of an action for breach of contract despite the fact that 11A V.I.C. § 4—402 authorizes damages for what is classified as a tort.

This is an interesting case more for what it is not than what it is in the law. The bank argues that this case sounds in tort; the defendant opines that it does not. In support of its position the bank urges as precedent the case of Subhi Abdallah v. Hartford Fire Insurance Co. and General Adjustment Bureau, D.C.V.I. Civil No. 76/304. In that case the plaintiff sued the defendants for the alleged bad faith refusal to pay on an insurance contract in which he was the beneficiary. There the court found the action to be one in tort and dismissed the matter for failure to file the complaint within the time as is required by 5 V.I.C. § 31(5)(A).

This court does not believe that the Abdallah case is controlling in the matter under consideration because this

case is guided by an application of Article 4 of the Uniform Commercial Code, and the Abdallah case was not decided on that body of law.

In order to determine whether this action is within the statute of limitations, the determination must first be made as to whether or not, in this context, damages for false imprisonment lie in tort or contract. This court believes that the action lies in both. This court relies heavily on 11A V.I.C. § 4—402 which provides:

A payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item. When the dishonor occurs through mistake liability is limited to actual damages proved. If so proximately caused and proved damage may include damages for an arrest or prosecution of the customer or other consequential damages. Whether any consequential damages are proximately caused by the wrongful dishonor is a question of fact to be determined in each case.

Without reference to whether a cause of action would sound in contract or tort, the drafters of the Uniform Commercial Code recognized arrest or prosecution as a consequential damage which may flow from wrongful dishonor. The drafters of the Uniform Commercial Code also make no reference to the applicable statute of limitations for actions brought pursuant to this section. In view of the goal of the Code's drafters to make it a practical, nationwide statute which unified prior laws but also left the states leeway to develop parallel areas individually, it cannot be presumed that the omissions were inadvertent.

Consider the Sixth Circuit's treatment of the statute of limitations contained in M.C.L.A. § 440. 2725, the Michigan Uniform Commercial Code. In Reid v. Volkswagen of America, Inc., 512 F.2d 1294 (6th Cir. 1975), plaintiff brought an action for personal injuries resulting from defendant's breach of express and implied warranties of

fitness of the automobile. Suit was filed beyond the general statute of limitations for personal injury actions but within the four-year limitation of M.C.L.A. § 440. 2725. In denying the defendant's motion to dismiss, the court cited the plaintiff's specific reference to the warranty provisions of the Michigan Uniform Commercial Code, the specificity of the Uniform Commercial Code statute of limitations and the fact that that statute of limitations encompassed plaintiff's case.

■ Unlike the warranty and sales sections of the Uniform Commercial Code, the banking section does not contain a specific statute of limitations directed toward actions against a bank arising out of wrongful dishonor. The only reasonable inference from the omission of an individualized statute of limitations for these sections is that the drafters intended local law to govern.

The law of the Virgin Islands in this area is sparse to non-existent. This court must then look to other jurisdictions for a possible solution. The trend of the law appears to be in the direction of holding that actions of this type lie both in tort and contract.[1] In jurisdictions which restrict the plaintiff to one form of action they are equally divided between tort and contract.[2] However, in this case, plaintiff

---

[1] See Siminoff v. Jas. II. Goodman & Co. Bank (1912) 18 Cal. App. 5, 18, 121 P. 939; Abramowitz v. Bank of America (1955) 131 Cal.App.2d Supp. 892, 281 P.2d 380; Macrum v. Security Trust & Savings Co. (Ala. 1930) 129 So. 74, 76; First Nat. Bank v. Stewart (Ala. 1920) 85 So. 529, 531; Britton Mfg. Co. v. Connecticut Bank & Trust Co., 20 Conn. Supp. 113, (1956) 125 A.2d 315; Woody v. National Bank of Rocky Mount (1927) 194 N.C. 549, 140 S. E. 150, 152; Stone Fort Nat'l. Bank of Nacogdoches v. Forbes (Ct. Civ. App. Texas 1931) 41 S.W.2d 695, 697; 5A Michie, Banks & Banking 560; 6 Zollmann, Bank & Banking 84; 19 Cal. L. Rev. 96 (1930); 3 Cal. L. Rev. 487 (1915).

[2] Reeves v. First Nat'l. Bank (1912) 20 Cal. App. 508, 512–513, 129 P. 800; Collins v. City Nat. Bank Co., (1944) 131 Conn. 167, 38 A.2d 582, 153 A.L.R. 1030; Svendsen v. State Bank of Duluth (1896) 64 Minn. 40, 65 N.W. 1086, 31 L.R.A. 552; Nealis v. Industrial Bank of Commerce (1951) 200 Misc. 406, 107 N.Y.S.2d 264. Those jurisdictions which adhere to the contract theory are: Smith's Cash Store v. First Nat. Bank of San Francisco (1906) 149 Cal. 32, 84 P. 663, 5 L.R.A., N.S., 870; First Nat. Bank of Mobile v. Ducros (1936) 27 Ala. App. 193, 168 So. 704; Thomas v. American Trust Co. (1935) 208 N.C. 653, 182 S.E. 136.

alleged a contractual relationship and its breach. Plaintiff has not alleged that the breach was tortious, but that a tortious act occurred as a result of the breach of contract. As a result of the pleadings and proffered proof, I conclude that this particular case is one in contract and tort. Weaver v. Bank of America Nat. Trust and Savings Association, 380 P.2d 644, 647 (1963). My conclusion in this regard is limited to this case and the facts presented herein.

Having concluded that actions of this type may lie in both torts and contract, the next task is to determine within which classification *this* case falls. Upon examination of the complaint, I conclude that the action is clearly one of contract. Not only does plaintiff denominate his complaint as an action for breach of contract, but in the body of the complaint he alleges a contractual relationship and a breach. Additionally, upon a separate inquiry into the facts of this case it is apparent that the action is contractual. The bank dishonored the plaintiff's checks that should have been honored, and this transaction constitutes the basis of this case. This relationship of the bank and the plaintiff is based on a contract and the bank's actions constitute a breach of that contract. The tortious act occurred only as a result of the breach of contract, and did not form the actual basis of this action. Indeed the U.S. Supreme Court has said that, "The relationship of bank and depositor is that of debtor and creditor, founded on contract. The bank has the obligation and duty under the contract to honor checks of its depositor properly drawn and presented". Bank of Marin v. England, (1966) 87 S.Ct. 274, 276, 385 U.S. 99, 101. It is at this juncture that the analysis becomes somewhat difficult because plaintiff alleges damages as a result of wrongful arrest which is a tort. Indeed 11A V.I.C. § 4—402 allows it, but it is silent as to whether for purposes of the statute of limitations the two year or three year limitation applies.

It seems clear that a complaint in torts requires the application of the two year statute of limitations. What is not clear is whether a complaint in contract which alleges a tort as a consequence of the breach of contract is maintainable where the tort, if standing alone, would be dismissed as being untimely filed. It seems that if the consequential tort damage is allowed, plaintiff comes into court through the back door. He is allowed to do indirectly that which the statute of limitation expressly proscribes. Although an action for wrongful arrest is a direct result of circumstances that have as its foundation a breach of contract, the wrongful arrest will maintain its tortious character and must conform to the rules of torts, including the torts statute of limitations.

Having determined that the action is within the statute of limitations as an action in contract, the court must now determine the measure of damages. This court finds great difficulty with the language of 11A V.I.C. § 4—402. The Code provision uses terms such as "proximate cause", "actual damages", "consequential damages". The language does not fit the neat compartmentalized patterns of thought with which the legal profession is familiar. The concept of proximate causation is traditionally associated with actions in tort, whereas concepts of consequential damages are associated with actions in contract, and the term actual damages is used in either contract or tort. It is interesting to note that this problem exists with most state statutes which have adopted this provision of the Uniform Commercial Code. See, Loucks v. Albuquerque National Bank, 418 P.2d 191 (N.M. 1961); Bank of Louisville Royal v. Simms, 435 S.W.2d 57 (1961), and our own Third Circuit, Skov v. Chase Manhattan Bank, 7 V.I. 14, 407 F.2d 1318 (3rd Cir. 1969). In any event, I construe this statute as it applies to these facts to allow damages for any actual or consequen-

tial harm, loss or injury proximately caused by a wrongful dishonor.

In this modern world, banks have developed a reputation for unerring accuracy in maintaining accounts of their depositors. Automated electronic data processing certainly makes this reputation well deserved. As a result of this great reputation, a check when dishonored casts a black cloud of doubt over the depositor who becomes suspect as the perpetrator of the error and not the bank. To return a check marked "return for insufficient funds" brings disrepute upon the depositor, and it needs no argument to show that a refusal of this type calls into serious question the reputation for honesty of a depositor.

This court now holds that when a bank wrongfully dishonors a depositor's check there arises a presumption that the depositor's credit and business standing is harmed as a result of such dishonor. Although not in this circuit, there is authority for such a proposition as to business credit. American Fletcher National Bank and Trust Co. v. Flick, 252 N.E.2d 839 (Ind. App. 1969). This court sees no rationale for a limit of this proposition to business entities. Particularly so in this case since there were seven separate dishonors which could be construed by an ordinary person as a series of willful acts. This presumption removes from the customer the requirement that he produce evidence of the injury or harm and avoids a directed verdict. This presumption acknowledges the great probability of some type of injury to the customer's credit and it is good legal and common sense to assume the existence of such injury unless the defendant comes forward with evidence to the contrary. Weiner v. North Penn Bank, Inc. (1916) 65 Pa. Super. 290. However, this inquiry cannot rest here. There is yet to be determined those consequential losses which arose as a result of the wrongful dishonor. This court cannot here catalogue all those consequential damages that can

280

occur, however, a few come immediately to mind, viz., loss of income, emotional distress or other expense or injury which flows from the wrongful dishonor. In the case at bar, the only evidence which plaintiff offers to establish damage to himself was his arrest. In view of the prior discussion concerning consideration of matters in tort, the question of wrongful arrest need not be addressed. Even assuming the wrongful arrest was considered, the plaintiff has shown nothing but an arrest and the threat of prosecution by the arresting officers if the checks were not made good. Certainly there has been no proof of any physical abuse nor emotional distress as a result of the arrest.

Plaintiff could be compensated for loss to his credit and business standing, however, plaintiff has shown nothing which would enable this court to fix compensation for such harm. There must be some evidence on which to base an award of substantial damage. For an example as to evidence, examine Loucks v. Albuquerque National Bank, cited supra.

I will award the sum of $2,800 to the plaintiff. This sum represents the amount debited the plaintiff's account on October 9, 1973. Additionally, plaintiff is entitled to be compensated for overdraft charges totalling $8.00.

### JUDGMENT

In accordance with the reasons stated in this Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that,

1. Plaintiff be awarded judgment in the sum of $2,-800.00;

2. That plaintiff be compensated for overdraft charges of $8.00; and

3. The parties are to bear their own attorney's fees and costs.