**DENNIS and ANNETTE GEORGE, Plaintiffs**

v.

**HERTZ RENT–A–CAR, Defendant**

Civil No. 294/1980

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

April 3, 1981

JOEL H. HOLT, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

JOEL L. MARSH, ESQ., St. Thomas, V.I., *for defendant*

ROSS, *Judge*

## MEMORANDUM OPINION

Plaintiffs allege that on May 3, 1976, they rented a 1976 Ford Pinto from the defendant and that on or about May 4, 1976 while driving the rented automobile around a corner, the car suddenly went out of control, causing injury to the plaintiffs. Plaintiffs allege that the cause of the accident was the tires which were completely smooth and that the smooth tires rendered the automobile unsafe to drive. In Count I of their complaint, plaintiffs allege a breach by defendant of the warranty that the automobile was safe for the ordinary purpose for which it was intended. In Count II plaintiffs allege outrageous and reckless conduct on the part of the defendant and demand that punitive damages be assessed against it. In Count III, plaintiffs allege breach of contract on the grounds that the smooth tires rendered the automobile defective.

Defendant has moved to dismiss the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the action was filed after the applicable statute of limitations had expired or, alternatively, to dismiss Count II of plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. For the reasons stated below, the court concludes that plaintiffs' claims for breach of contract and breach of warranty were brought well within the period of the applicable statute of limitations and will deny the defendant's motion to dismiss the action in its entirety, but will grant defendant's motion to dismiss Count II of the complaint.

The only question raised by the defendant's motion to dismiss is the applicable statute of limitations. 5 V.I.C. § 31(3)(A) and § 31(5)(A) make a distinction between the statute of limitations governing those actions for injury arising from a contract and those not so arising. 5 V.I.C. § 31(3)(A) provides that an action upon a contract or liability, express or implied, is to be brought within six years after the cause of action accrues. 5 V.I.C. § 31(5)(A) provides

that an action for any injury to the person or rights of another not arising on contract is to be brought within two years after the cause of action accrues. Defendant maintains that since this is an action for personal injury, that the two-year statute of limitations applies. Defendant overlooks, however, the exception created by the statute, to wit: that actions for injury "arising on contract" are not subject to the two-year limitation period. 5 V.I.C. § 31(5)(A). It is undisputed that plaintiffs and defendant entered into a written agreement for the rental of an automobile on or about May 3, 1976 and that while the plaintiffs were driving this rented vehicle they were involved in an accident, which they allege was caused by the defendant's failure to provide them with a safe automobile. The plaintiffs' and defendant's relationship in this action arose solely out of their rental agreement. Moreover, plaintiffs' complaint is designated as an action for breach of warranty and breach of contract, and all of the allegations of Count I and Count III are founded upon the contract between the parties.

Although there may be tortious elements present in this action, any alleged tort could only have arisen from the parties' contract and it is this contract that forms the basis of the action. For an illustration of a similar type of action where both contractual and tortious elements were present, but where the tort claim arose from a contract, see Isis v. First Pennsylvania Bank, N.A., 14 V.I. 273 (1977). As was done in Isis, the tort action sought to be brought in Count II of plaintiffs' complaint will be disallowed since the two-year period has expired.[1]

If Count I of plaintiffs' complaint is considered to be an allegation of breach of an implied warranty cognizable under the common law, this warranty could only have arisen from the parties' rental agreement. The claim would therefore be one founded upon contract and would be governed by the six-year statute of limitation. 5 V.I.C. § 31(3)(A). If, however, Count I of plaintiffs' complaint alleging breach of warranty falls under the ambit of Article 2 of the U.C.C., the applicable statute of limitations would be four years.

---

[1] In Isis damages were sought for the tort of false imprisonment which resulted from a bank's wrongful dishonor of the plaintiff's checks. Despite the fact that plaintiff's action was based on his contractual relationship with the bank, the separate claim of false imprisonment, standing alone, and for which damages were sought, retained its tortious character and had to comply with the statute of limitations applicable to tort actions. Since it did not comply, no damages were recoverable.

11A V.I.C. § 2-725(a).[2] Since the event giving rise to the action occurred on or about May 4, 1976 and plaintiffs' complaint was filed on March 20, 1980, plaintiffs' complaint would have been brought approximately two months before the expiration of the statutory period allowed by Article 2 of the U.C.C. The court therefore does not deem it necessary to decide at this time whether the lease agreement falls under Article 2 of the U.C.C. and its warranty provisions since either under the statute of limitations of the U.C.C. § 2-725 or the statute of limitations specified by 5 V.I.C. § 31(3)(A) for contract actions, Count I and Count III of plaintiffs' complaint are timely.

■ Defendant has moved in the alternative to dismiss Count II of plaintiffs' complaint which alleges outrageous and reckless conduct and which demands that punitive damages be assessed against it. Defendant's basis for dismissal is that punitive damages are not awardable on a contract claim. Restatement of Contracts, § 342 (1932). The court agrees that under the first Restatement of Contracts punitive damages were not recoverable for a breach of contract. However, the Tentative Draft of the Second Restatement of Contracts allows the recovery of punitive damages where the conduct constituting the breach is also a tort for which punitive damages are recoverable. Restatement Contracts, § 369 (Tent. Draft No. 14, March 1, 1979).[3] Assuming that the defendant's alleged conduct constitutes a tort for which punitive damages are recoverable, any such tort action is barred by the two-year statute of limitations. 5 V.I.C. § 31(5)(A), Isis, supra. Accordingly, Count II of plaintiffs' complaint will be dismissed.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is

ORDERED that the defendant's motion to dismiss this action in its entirety is hereby DENIED, and it is further

ORDERED that the defendant's motion to dismiss Count II of plaintiffs' complaint is hereby GRANTED.

---

[2] This is so because 5 V.I.C. § 31 only applies in the absence of a different limitation prescribed by statute.

[3] All the tentative drafts of the second Restatement of Contract have been approved by the American Law Institute and are binding. See, 1 V.I.C. § 4.