[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 12468
The plaintiff, Karen Anderson, filed a three count complaint on August 1, 1995 against the defendant, Gamma One, Inc. In count one, the plaintiff alleges breach of contract. In count two of the complaint, the plaintiff alleges that she has suffered from compelled self-defamation as a result of the defendant's actions. In count three, the plaintiff alleges that the defendant caused her to suffer emotional distress.
According to the plaintiff's complaint, the defendant hired the plaintiff during November of 1988 as a Devinchy operator. The plaintiff remained in this position for approximately six years and seven months. At the end of this period, the defendant terminated the plaintiff's employment.
Prior to her termination, on or about April 6, 1995, two team coordinators, Frank Claire and Mike Morin, called the plaintiff into a meeting. During the meeting, Claire explained that they had restructured two departments, which included 14 operators, and the restructuring resulted in 12 available positions. Claire further explained to the plaintiff that her performance was lacking and that the plaintiff was not performing up to standard. Additionally, the complaint alleges that Claire had conducted interviews with the plaintiff's coworkers prior to the plaintiff's termination and determined that the plaintiff's performance was substandard and that her attitude was terrible.
Count two of the plaintiff's complaint alleges that the reasons for the plaintiff's termination were false and defamatory. According to the plaintiff, the defendant knew that the plaintiff would be compelled to repeat the false reasons for her termination to future potential employers. The plaintiff further asserts that the defendant could reasonably foresee that the plaintiff would be compelled to repeat such false reasons. The plaintiff alleges that because the defendant could reasonably foresee that the plaintiff would be compelled to repeat the false reasons, the defendant is liable to the plaintiff for self-defamation. Furthermore, the plaintiff further alleges that because she suffers from compelled self-defamation, she has incurred various damages and has been prevented from finding alternative employment within her field.
On September 21, 1995, the defendant filed a motion to strike count two of the plaintiff's complaint. As required by Practice Book § 155, the defendant filed its memorandum of law in support of its CT Page 12469 motion and on October 3, 1995, the defendant filled a substituted memorandum of law in support of its motion. On October 2, 1995, the plaintiff filed its memorandum of law in opposition to the defendant's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complain . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). When reviewing a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff." Id., 215. "[T]he court must rely wholly upon the facts alleged in the pleadings and those necessarily implied therefrom." Krasnow v. Christensen, 40 Conn. Sup. 287, 288,492 A.2d 850 (1985, Burns, J.). "A motion to strike is properly granted where a plaintiff s complaint alleges legal conclusions unsupported by facts." Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208,211, 535 A.2d 390 (1988).
Additionally, "the motion [to strike] may also be used to test whether Connecticut is `ready to recognize some newly emerging ground of liability.'" Castelvetro v. Mills, Superior Court, judicial district of New Haven at New Haven, Docket No. 320396 (11 Conn. L. Rptr. 29) (February 1, 1994, Gray, J.), quoting DurhamAqueduct Co. v. C.E. Burr Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 324658 (8 Conn. L. Trib. No. 13, 11, 12) (November 30, 1981, Higgins, J.). Connecticut's appellate courts have not recognized the cause of action of compelled self-defamation. Lusky v. Town of Ashford, Superior Court, judicial district of Tolland at Rockville, Docket No. 40406 (4 CSCR 573, 575) (June 28, 1989, Sequino, J.). It is submitted that since count two of the plaintiff's complaint attempts to establish a cause of action for compelled self-defamation, a newly emerging cause of action, the defendant may use the motion to strike to challenge count two of the plaintiff's complaint.
The defendant argues in its substituted memorandum of law[1] in support of its motion to strike that Connecticut's appellate courts have not recognized a cause of action for self-defamation, and therefore, this court should not allow the plaintiff to bring such an action. Additionally, the defendant argues that even if the court recognizes the cause of action for compelled self-defamation, the plaintiff in this case has failed to plead legally sufficient facts establishing such cause of action. The plaintiff argues that at least three other Connecticut superior courts have recognized the cause of CT Page 12470 action for compelled self-defamation and, therefore, this court should also recognize such cause of action. The plaintiff also argues that although she has not pleaded facts showing actual republication of the defendant's alleged defamatory statements, she has nonetheless pleaded legally sufficient facts to establish her cause of action for compelled self-defamation.
In this case, the plaintiff alleges that the defendant is liable for self-defamation. The plaintiff, however, has not alleged in her complaint that the defendant made any false statements to a third party. To maintain an action for defamation, "there must be an unprivileged publication of false and defamatory matter which is actionable per se or which results in special harm to another." Britton MfgCo. v. Connecticut Bank Trust Co., 20 Conn. Sup. 113, 115,125 A.2d 315 (Super.Ct., 1956, Cotter, J.). "Generally there is no publication where the defendant communicates the slanderous statement directly to the plaintiff who then communicates it to a third party." Lusky v. Town Ashford, Superior Court, judicial district of Tolland at Rockville, Docket No. 082469 (4 CSCR 573, 575) (June 28, 1989, Mack, J.). The self-defamation doctrine is a narrow exception to the above rule requiring publication to a third party.Spain v. Blue Cross Blue Shield of Connecticut, Superior Court, judicial district of New Haven at New Haven, Docket No. 249522 (2 CSCR 424) (March 9, 1987, Flanagan, J.). The court in Spain
explained that "the publication requirement may be satisfied where the plaintiff is compelled to publish a slanderous statement to a third party if it was reasonably foreseeable to the defendant that the plaintiff would be so compelled." Id. The plaintiff alleges that her case falls within this narrow exception to the rule requiring that the defendant publish the defamatory statements to a third party.
In a recent Superior Court case, the court granted a motion to strike asserting that the plaintiff's complaint did not set forth legally sufficient facts to establish a cause of action for compelled self-defamation. Bremseth v. Hartford Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 0531168 (July 12, 1995, Wagner, J.). In Bremseth, the plaintiff alleged that the defendant wrongfully terminated her employment and because of such wrongful termination, the plaintiff would have to explain to future potential employers the false reasons why the defendant terminated her. Id. In count seven of her complaint, the plaintiff alleged that she should be able to recover from the defendant under the doctrine of self-publication[2]. Id.
The defendant moved to strike count seven of the plaintiff's complaint. CT Page 12471 Id. The court noted that plaintiffs in other cases alleged the doctrine of self-publication and those courts recognized the cause of action. Id. The court stated, however, that "[i]n all these cases it was alleged, that the plaintiff did in fact republish the defamatory statement in connection with applying for other employment." Id.; seeGaudio v. Griffin Health Services, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 035730 (December 19, 1991, Sequino, J.); Lusky v. Town of Ashford, Superior Court, judicial district of Tolland at Rockville, Docket No. 40406 (5 CSCR 573, 575) (June 28, 1989, Mack, J.); Spain v. Blue Cross BlueShield, Superior Court, judicial district of New Haven at New Haven, Docket No. 249522 (2 CSCR 424) (March 9, 1987, Flanagan, J.). The court then stated, "[i]n the present case, the plaintiff merely alleges that she would be compelled to disclose the alleged defamatory statement . . . in the event that she seeks employment as a flight nurse in the future." Id. The court further explained, "[t]here appears to be no good reason to expand the parameters of this narrow exception beyond the circumstances where the plaintiff has in fact been compelled to republish the defamatory statement to a third party." Id. The court granted the defendant's motion to strike by stating, "[i]n the absence of an allegation of actual republication, we conclude that count seven is insufficient at law." Id.
The present case is similar to Bremseth. The plaintiff in the present case, like the plaintiff in Bremseth, does not allege in her complaint that she has actually republished the statements made to her by the defendant to any third party. Rather, the plaintiff alleges that she would have to repeat the false reasons in the future and that the defendant could reasonably foresee this result. Additionally, the plaintiff merely alleges that the defendant's statements to her have prevented her from finding alternative employment within her chosen field. The plaintiff has not pleaded legally sufficient facts demonstrating actual republication. Therefore, because the plaintiff has not pleaded actual republication, count two of the plaintiff's complaint is insufficient as a matter of law. The motion to strike count two of the plaintiff's complaint is granted.
It should be noted that in Gaudio v. Griffin Health Services,
Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 035730 (December 19, 1991, Sequino, J.), the court stated that in order to make out a cause of action for self defamation "plaintiff would not have to show that the alleged defamatory statement was communicated to a third party or published, if plaintiff alleges the existence of a strong compulsion upon the defamed person to disclose the defamatory statement to third parties and that CT Page 12472 such compulsion was reasonably foreseeable by the defendant." (Internal quotation marks omitted.) The plaintiff in Gaudio, however, actually republished the alleged defamatory statements. Id. Although the Gaudio case states that a plaintiff does not have to plead actual republication, the case does not stand for the proposition that a plaintiff does not have to show actual republication since the plaintiff in Gaudio actually republished the alleged defamatory remarks. The court in Gaudio did not have to decide the issue of whether such actual republication is necessary when alleging this cause of action in Connecticut. Although some Connecticut courts have recognized the doctrine of self-defamation, the courts in these cases have required some actual republication of the alleged defamatory statements. Accordingly, the court must follow the language contained in Bremseth and strike count two of the plaintiff's complaint because the plaintiff has failed to plead facts demonstrating actual republication of the defendant's alleged false statements.