[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff moves to strike the first counterclaim of the defendant, captioned "First Count — Defamation". The plaintiff also moves to strike the second counterclaim, captioned "Second Count — Vexatious Litigation".
As to the first count, Defamation, it is elementary that publication is a necessary element of a cause of action for defamation. The complaint must allege facts sufficient to constitute a cause of action. See Britton Management Co. v.Connecticut Bank Trust Co., 20 Conn. Sup. 113, 114 (1956);Burns v. Telegram Publishing Co., 89 Conn. 549, 552 (1915). See also Practice Book Sec. 108. "Each pleading shall contain a plain and concise statement of the material facts in which the plaintiff relies. . . ".
The allegation of the counterclaim, paragraph 14, states "Defendants have reason to believe and do believe, that the plaintiffs have verbally communicated to third parties. . . ". The plaintiff is correct in asserting, inferentially, that mere proof of a belief, even an honestly held belief, based upon nothing more than logic, is inadequate to support this or perhaps any other cause of action. The defendant asserts, however, in the counter brief, that paragraph 14 of the complaint should be interpreted to be an actual assertion of the fact of publication and that inferentially the predicate words of "belief" are mere surplusage.
Although this grammatical analysis may stretch the imagination, yet the count additionally reviews paragraph 15, which states "such statements are false". And paragraph 16 which allege that ". . . Plaintiffs knew or should have known that such statements were false." And paragraph 17, which states "The false statements made by the plaintiffs. . . ".
The court determines that the first count of the counterclaim, read as a whole, alleges publication as a fact, rather than a mere allegation of abstract belief, or speculation The pleading is construed in a manner most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36 (1937)
The motion to strike the first counterclaim, the "first count" of the counterclaim, is denied.
As to the second counterclaim, captioned "Second Count — Vexatious Litigation". The motion to strike asserts that the CT Page 3943 defendant has not alleged that the underlying action has not terminated in favor of the defendant who herein seeks to assert this counterclaim for vexatious litigation.
To prosecute a claim for vexatious litigation requires that the party allege that the previous lawsuit was initiated maliciously, without reasonable cause, and terminated in thefavor of the person asserting the claim for vexatious litigation.Zeller v. Consolini, 235 Conn. 417, 424 (1995); Vanderslius v.Wiel, 176 Conn. 353, 356 (1978). Such allegation has not been made. The counterclaim, paragraph 26, admits this to be the case. The file itself clearly so demonstrates.
No claim for vexatious litigation has come into existence such as to be a present enforceable demand. Balboa Insurance Co.v. Zaleski, 12 Conn. App. 529, 534 (1987); D'Occhio v.Connecticut Real Estate Commission, 189 Conn. 162, 182 (1983). As a matter of law, the defendant has failed to plead an element essential to assert the cause of action.
The motion to strike the second count — vexatious litigation is granted.
L. Paul Sullivan, J. Superior Court Judge