[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Before the court is the defendant's Motion for Summary Judgment on Count 7 sounding in defamation. The plaintiff Fishman is suing her former employer Tishler for defamation in that count because of statements he made at the time of her discharge.
To maintain an action for defamation there must be an unprivileged publication of false and defamatory matter which is actionable per se or which results in special harm to another. See: Britton Mfg. Co. V. Connecticut Bank Trust Co.,20 Conn. Sup. 113, 115; 125 A.2d 315 (1956). Because the defendant's evidence that there was no publication is uncontradicted, the Motion for Summary Judgment is granted. Connecticut Law of Torts, Wright Fitzgerald, Section 148. CT Page 13613
Some trial courts have recognized a doctrine of "self publication" whereby a defendant can be held liable to a plaintiff for defamation damages to a plaintiff even if that defendant never published the defamatory statement, if the plaintiff was required to "self publish" the defamatory statement to a prospective employer in seeking new employment after being discharged.
The defendant has appended to his motion the plaintiff's deposition admission that she has not self published the defendant's alleged defamatory remarks. In opposing this motion, the plaintiff does not counter that in any way but has appended help wanted ads and scratch pad notes of names of dentists which she claims constitute circumstantial evidence that she was forced to or might be forced to publish these in the future.
This is not sufficient to create a factual issue. If she now claims she actually was required to publish the remarks to her new and present employer, she had an obligation to say so plainly by her affidavit. She did not.
Judgment is entitled to enter in favor of a defendant on a summary judgment motion if there is no issue of fact and the plaintiff could not prevail as a matter of law. The plaintiff cannot show there was any publication of the alleged defamatory statement either by others or arguably herself, as our law requires to maintain a claim for defamation. The plaintiff has become reemployed and no self publication of any of the defendant former employer's statements took place in that application process. In such a situation no action for defamation lies on the possibility that a presently employed plaintiff might have to self publish a former employer's statements in a future job application.
Summary judgment is ordered to enter in favor of the defendant on that portion of the plaintiff's complaint which is set out in Count 7.
FLYNN, J.