[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Leszek Mitusinski, filed a two court complaint against the defendant, Fleet Bank, N.A. f/k/a Connecticut Bank Trust Co., alleging in two counts that the defendant failed to restore money to the plaintiff's account which was debited by two forged checks and violated the Connecticut Unfair Trade Practices Act (CUTPA). The defendant has now filed a motion to strike the CUTPA count, arguing that CUTPA CT Page 6497-A does not apply to national banks.
"[I]n ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278 (1988).
The defendant argues that CUTPA does not apply to banks because the Connecticut legislature intended our courts to look to the Federal Trade Commission ("FTC") and the federal courts for guidance in applying CUTPA, and the Federal Trade Commission Act ("FTCA") has specifically excluded banks from the FTC's enforcement jurisdiction.
Therefore, the defendant argues, a claim for unfair and deceptive acts of a national bank are actionable under the federal regulations and should be exempt from a CUTPA claim. The plaintiff argues that the legislature could have specifically excluded claims against banks in CUTPA, as the FTCA did, however, it chose not to do so. Furthermore, the plaintiff argues, the existence of federal laws to which banks are subject does not preclude also applying CUTPA. The plaintiff cites the case of CT Page 6497-B Cheshire Mortgage Services, Inc. v. Montes, 223 Conn. 80, 113
(1992), in which the court held that a violation of Connecticut General Statutes 36-2241, secondary mortgage loan statute, and the federal Truth in Lending Act ("TILA") constituted violations of CUTPA.
There is a split of authority among the judges of the superior court as to whether CUTPA applies to banks. See Weinberg v. First County Bank, 8 Conn. L. Rptr. 599 (April 14, 1993, Rush, J.) (CUTPA does not apply to banks); Southington Savings Bank v. Village Builders Developers, Inc., 7 Conn. L. Rptr. 586
(November 10, 1992, Berger, J.) (CUTPA is applicable to banks). One superior court case has held that CUTPA does not apply to national banks as national banks governed federal regulations. See Chase Manhattan Bank are Indian River Green,8 Conn. L. Rptr. 165 (January 6, 1993, Rush, J.).
However, the applicability of CUTPA to banks, including national banks, has yet to be decided by the Appellate Court or the Supreme Court. CT Page 6497-C
Massachusetts has a similar law to CUTPA, Section 93A 2 prohibiting unfair practices, similarly to be guided in application by interpretations given by the Federal Trade Commission and the Federal Courts. See Russell v. Dean Witter Reynolds,200 Conn. 172, 183. The Massachusetts Supreme Court which previously applied its unfair practices act to other regulated financial institutions, as had Connecticut in the Cheshire Mortgage Services case, held banking was engaging "in trade or commerce" and subject to the act. Raymer v. Bay State Nat. Bank,424 N.E.2d 515 (199-).
The federal court in Connecticut has also held that CUTPA applies to banks, noting the Raymer decision. American Savings Bank FSB v. Amity Bank, 15, CLT No. 32, p. 25 (7-27-89, Cobranes, J.).
Accordingly, the motion to strike is denied.
McDonald, J. CT Page 6497-D