[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE OF DEFENDANT THE CONN. NATIONAL BANK
Issue
Should defendant Connecticut National Bank's motion strike the third count of the amended complaint be granted?
Facts CT Page 6529-Y
On September 25, 1992 the plaintiff, Fleet Bank (Fleet), filed a five count amended complaint against defendants Connecticut National Bank (CNB) and Budwitz Meyerjack, P.C. In the first count, directed at defendant CNB, the plaintiff alleges that defendant CNB had granted a line of credit and mortgage loan to Ehrlich, Inc. (Ehrlich), and that defendant CNB determined that its loans to Ehrlich were undercollateralized. The plaintiff alleges that defendant CNB informed Ehrlich that the line of credit would be terminated. The plaintiff alleges that Ehrlich sought refinancing of the line of credit and mortgage from the plaintiff, that defendant CNB negligently misrepresented Ehrlich's financial status, and that the plaintiff relied on these misrepresentations to its detriment when the plaintiff granted a line of credit and mortgage loan to Ehrlich at a time when Ehrlich's lien of credit and mortgage loan from the defendant were in default. The plaintiff alleges that it suffered losses as a result of defendant CNB's negligent misrepresentations, because Ehrlich did not repay the line of credit and mortgage loan.
In the second count, the plaintiff reiterates its allegations of the first count and alleges that defendant CNB fraudulently misrepresented CT Page 6529-Z Ehrlich's financial status.
In the third count, the plaintiff reiterates its allegations of the first count and alleges that defendant CNB violated General Statutes42-110a, et seq., the Connecticut Unfair Trade Practices Act (CUTPA) by fraudulently misrepresenting Ehrlich's financial status and by fraudulently withholding material information regarding Ehrlich's financial status.
The fourth and fifth counts, respectively, allege malpractice and the violation of CUTPA by defendant Budwitz Meyerjack, P.C.
On October 14, 1992 defendant CNB filed a motion to strike the third count of the amended complaint and a memorandum of law in support thereof.[1] On February 22, 1993 the plaintiff filed a memorandum in opposition to the motion to strike. On March 30, 1993 defendant CNB filed a supplemental submission in support of its motion to strike.
Discussion
The function of a motion to strike is to challenge the legal CT Page 6529-AA sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike admits all facts well pleaded. Id. It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Blancato v. Feldspar Corp., 203 Conn. 37, 522 A.2d 1235 (1987). The court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988).
Defendant CNB argues that the third count should be stricken in that CUTPA does not apply to banks. Defendant CNB argues that CUTPA must be construed consistently with the Federal Trade Commission Act, and this Act exempts banks from its scope, as banks are regulated by federal agencies other than the Federal Trade Commission. Defendant CNB also argues that CUTPA is inapplicable to transactions which are specifically subject to other statutory remedies, and that banking transactions are subject to statutory remedies administered by state and banking authorities. Defendant CNA argues further that even if CUTPA applies to Banks, it would be limited to those situations when the bank engages in consumer-related activity, and the present case involves a commercial transaction. CT Page 6529-BB
The plaintiff argues that CUTPA is a remedial statute, which must be liberally construed; therefore, the plaintiff argues that banks fall within the scope of CUTPA. The plaintiff also argue that the legislature did not specifically exempt banks from the scope of CUTPA's coverage.
The Connecticut appellate courts have not determined whether CUTPA applies to banks and banking activities. See Gaynor v. Union Trust Co., 216 Conn. 458, 482, 582 A.2d 190 (1990). This court has recently addressed this issue in Crocker Enterprises, Inc. v. Union Trust Co., 8 CSCR 599 (May 5, 1993, Walsh, J.). In Crocker Enterprises, this court cited General Statutes 42-110c(a)(1), which states in relevant part: "Nothing in this chapter shall apply to . . . [t]ransactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States. . . ." This court then stated:
 The Defendant [bank] is clearly subject to the banking laws of the State of Connecticut. In Connelly v. Housing Authority, CT Page 6529-CC 213 Conn. 354, 362 (1990), the court, relying on Russell v. Dean, Witter, Reynolds, 200 Conn. 172, 179 (1986), stated that CUTPA is not applicable to transactions that are "(1) explicitly subject to a different and specifically applicable statutory remedy; and are not among the types of transactions to which the Federal Trade Commission Act (FTC Act) has been applied." The FTC Act expressly exempts Banks from its coverage, 15 U.S.C. Sect. 45(a)(2).
 This case is within the 42-100c exemption. See also Chase Manhattan Bank v. Indian River Green, et al, 8 Conn. L. Rptr. of. 5, 165 (Feb. 1, 1993).
Since the activities of a national bank are not subject to the provisions of CUTPA, the Motion to Strike the third count of the plaintiff's amended complaint is granted.
Walsh, J.