[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE: MOTION TO STRIKE
The plaintiff, Daniel Dicks, filed a four-count amended complaint on February 8, 1994, against the defendant, Fairfield First Bank Trust Company. The plaintiff alleges the following facts. The plaintiff purchased a cashier's check from the CT Page 6791 defendant in the amount of $10,000 for the purpose of making a deposit on a bid to the city of Bridgeport. The check was returned to the plaintiff after the bid was not accepted by the city. In September, 1992, the plaintiff went to the defendant and demanded payment on the check. The defendant refused to pay the check on several occasions. During this time, the defendant disclosed to Joseph Siciliano, who had filed suit against the plaintiff, that the plaintiff had $10,000 in the bank. Siciliano applied for a prejudgment remedy, seeking to garnish the plaintiff's $10,000. The defendant told the plaintiff that his $10,000 could not be returned until the court acted on the application for prejudgment remedy. The court denied the application on September 3, 1993, and the defendant paid the plaintiff $10,000 on September 21, 1993.
In count one, the plaintiff alleges that the defendant was negligent in failing to honor the check when the plaintiff first demanded payment. In count two, the plaintiff alleges that the defendant violated CUTPA in failing to honor the check upon presentment. In count three, the plaintiff alleges that the defendant breached its implied contractual duty of confidentiality to the plaintiff by disclosing information to Siciliano. In count four, the plaintiff alleges that the defendant violated General Statutes §§ 36-91, 36-9m, and 36-9n.
On March 31, 1994, the defendant moved to strike all four counts of the plaintiff's complaint. Pursuant to Practice Book § 155, the defendant submitted a memorandum in support of its motion to strike. The plaintiff timely filed a memorandum in opposition to the motion.
The purpose of a motion to strike is "to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). In deciding upon a motion to strike, the court shall construe the facts alleged most favorably to the pleader. Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). "This includes the facts necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235,239, 624 A.2d 389 (1993).
I. Negligence
CT Page 6792
The defendant moves to strike count one on the ground that the plaintiff has not alleged that the defendant owed him a duty of care. The plaintiff argues that count one sufficiently alleges a duty owed to him by the defendant.
"`The existence of a duty of care is an essential element of negligence.'" OG Industries, Inc. v. New Milford, 29 Conn. App. 783,790, 617 A.2d 938 (1992), quoting Calderwood v. Bender,189 Conn. 580, 584, 457 A.2d 313 (1983). A bank owes a duty of ordinary care to its customers. See DiChello v. Citytrust BankCorporation, Superior Court, judicial district of New Haven at New Haven, Docket No. 270965 (February 22, 1991, Healey, S.T.R.);Collins v. City National Bank Trust Company, 131 Conn. 167,170, 38 A.2d 582 (1944).
In the present case, the plaintiff alleges that the defendant issued a cashier's check to the plaintiff in the amount of $10,000 and later refused to accept return of the check. The plaintiff alleges that the defendant's failure to pay the $10,000 to the plaintiff "was caused by the negligence of the defendant in failing to recognize that there was never any order in effect preventing them from paying said check to the plaintiff." The plaintiff's allegations necessarily imply that the plaintiff was a customer to whom the defendant owed a duty of ordinary care. The plaintiff has sufficiently alleged that the defendant owed the plaintiff a duty. Therefore, the motion to strike count one is denied.
II. CUTPA
The defendant moves to strike count two on the ground that CUTPA is inapplicable to banks. The plaintiff argues that the majority of superior court decisions have held that CUTPA is applicable to banks.
"The Connecticut appellate courts have not determined whether CUTPA applies to banks and banking activities." Fleet Bank ofConnecticut v. The Connecticut National Bank, 8 CSCR 931 (July 26, 1993, Walsh, J.). There is a split of authority in the superior court as to whether CUTPA applies to banks. Mituskinski v. FleetBank, 8 CSCR 899 (July 26, 1993, McDonald, J.). Superior court judges have determined that CUTPA is inapplicable to banks. See, e.g. Matthews Group, Inc. v. Essex Savings Bank, Superior Court, judicial district of Middlesex at Middletown, Docket No. 66719 (March 15, 1993, Higgins, J.) (legislature did not intend for CUTPA CT Page 6793 to apply to banks); Weinberg v. First County Bank,8 Conn. L. Rptr. 599
(April 14, 1993, Rush, J.) (CUTPA is inapplicable to banks);Andrus v. Maloney, 5 Conn. L. Rptr. 313, 314 (December 9, 1991, Maiocco, J.) (since the Federal Trade Commission Act, 15 U.S.C. § 45(a) (1), which is the basis for CUTPA, exempts banks, CUTPA is inapplicable to banks); Bristol Savings Bank v. Sattler, 4 CSCR 351
(March 29, 1989, Aronson, J.).
Other superior court decisions, however, have held that CUTPA is applicable to banks. See, e.g. L R Realty v. ConnecticutNational Bank, Superior Court, judicial district of New London at New London, Docket No. 522814 (March 24, 1993, Hurley, J.) (courts should not read an exemption for banks into CUTPA and, therefore, CUTPA is applicable to banks); Southington Savings Bank v. VillageBuilders Developers, Inc., 7 Conn. L. Rptr. 586 (November 10, 1992, Berger, J.) (CUTPA is applicable to banks); Moscariello v.Centerbank, 4 Conn. L. Rptr. 241 (June 24, 1991, Gaffney, J.) (no explicit exemption in CUTPA and, therefore, CUTPA is applicable to banks); Economic Development Associates v. Cititrust,3 Conn. L. Rptr. 403, 405 (March 27, 1991, Dranginis, J.) (when bank is engaged in consumer-oriented activities, CUTPA is applicable); Faitella v.North Atlantic Planning Corporation, 5 Conn. L. Rptr. 431 (January 6, 1991, Byrne, J.) (no exemption for banks in CUTPA and, therefore, CUTPA is applicable).
This court follows the former line of cases and accordingly grants the motion to strike.
III. Fiduciary Duty
The defendant moves to strike count three on the ground that it does not state a cause of action. The plaintiff argues that count three states a legally recognizable cause of action.
Connecticut has recognized a fiduciary duty in consumer banking transactions. Morrissey v. Connecticut National Bank, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 506035 (February 23, 1993, Hennessey, J.), citing Mastroberti v. Centerbank, 3 Conn. L. Rptr. 560
(November 16, 1990, McDonald, J.). An allegation that the bank breached its duty to keep certain information confidential is sufficient to state a claim for breach of fiduciary duty. See Mastroberti v.Centerbank, supra, 560.
In the present case, the plaintiff has alleged that the CT Page 6794 defendant disclosed certain information to a third party and, in doing so, breached its implied contractual duty of confidentiality to the plaintiff. The plaintiff has sufficiently pleaded a breach of fiduciary duty and, therefore, the motion to strike count three is denied.
IV. General Statutes § 36-9k
General Statutes § 36-9k states:
 A financial institution may not disclose to any person, except to the customer or his duly authorized agent, any financial records relating to such customer unless the customer has authorized disclosure to such person or the financial records are disclosed in response to . . . (2) a lawful subpoena, summons, warrant or court order. . . .
General Statutes § 36-9k.
The plaintiff alleges in count four that the defendant's president violated General Statutes §§ 36-91, 36-9m, and 36-9n. General Statutes §§ 36-91 and 36-9m set forth exceptions to the prohibition of disclosure. General Statutes § 36-9n states that anyone who unlawfully discloses confidential financial records is guilty of a misdemeanor. Violations of the sections alleged by the plaintiff do not constitute sufficient causes of action and, therefore, the motion to strike count four is granted.
G. SARSFIELD FORD, JUDGE